## McNAIR v. TUCKER.

1. An affidavit that defendant cannot obtain a fair trial before a trial justice because of plaintiff's influence "with the persons who are likely to be on the jury at the trial," is not sufficient to obtain a removal of the cause under a statute which requires such removal upon affidavit that the affiant "does not believe that he can obtain a fair trial before the trial justice" (*Gen. Stat.*, ¿ 840), the ground stated being an objection to the jury and not to the officer.
2. A motion to transfer a cause from one trial justice to another should be made before the day appointed for trial, unless based upon facts discovered later.
3. It would seem that the affidavit for removal should disclose the reasons that induced the belief that a fair trial could not be had; but certainly where the first affidavit stated a reason which was insufficient, and a second affidavit followed the words of the statute, and stated no reasons, a removal of the cause may be refused.
4. To entitle one to a removal of his case under the statute, the affidavit must be *made* before the trial justice who issued the papers; an affidavit made before a clerk of court or notary public is insufficient.

Before HUDSON, J., Chesterfield, May, 1885.

The opinion states the case.

*Mr. E. J. Kennedy*, for appellant.

*Mr. R. T. Caston*, contra.

January 5, 1886.  The opinion of the court was delivered by

MR. JUSTICE McIVER.  The sole question raised by this appeal is, whether there was error in refusing the motion of

defendants to have this case transferred from the trial justice who issued the original papers to the nearest trial justice for trial under the provisions of section 840 of the General Statutes, as amended by the act of December 26, 1884.    18 *Stat.*, 863.

It appears that the original summons was issued by A. M. Rankin, Esq., as trial justice, on December 26, 1884, and served on January 5, 1885.    It was returnable on January 25, 1885, but by agreement of the parties the case was set down for trial on February 16, 1885, on which day, the defendants failing to appear, the case was, on motion of the defendants' attorney, and with the consent of plaintiff, continued until February 21, 1885. Two days before the day to which the case had thus been continued, the trial justice was served with the answer of defendants, accompanied with an affidavit of defendants, sworn to before the clerk of the court, "that they do not believe they can obtain a fair trial of the case above stated before the trial justice who issued the papers in said case and commenced said action, owing to the influence of the plaintiff in said action with the persons who are likely to be on the jury at the trial thereof." On the day of trial the defendants submitted an additional affidavit, sworn to by them before a notary public, "that they do not believe that they can obtain a fair trial before the trial justice who issued the papers in this case, and therefore ask that the papers be turned over to the next nearest trial justice in the county."

The trial justice ruled that the last affidavit came too late, and that the first affidavit showed on its face that the objection was not to the trial justice, but to the jury ; and, further, he ruled that the affidavit should have been filed and motion made before return day, and not having been then made, the defendants, by their own *laches*, were debarred from now making the motion. He therefore refused to transfer the case to the nearest trial justice, and the case having been tried and judgment rendered in favor of the plaintiff, the defendants appealed to the Circuit Court upon various grounds, which need not be set out here, as the only question we are called upon to consider is the propriety of refusing the motion to transfer the case to another trial justice. The Circuit Judge dismissed the appeal upon the ground that the act above cited was not designed to confer upon a party the

right to remove the case to the nearest trial justice "through caprice or a mere whim. There must be a reason for the belief that he cannot get a fair trial before the original trial justice, and such reason must be disclosed in the affidavit. An attachment can be sued out on information and belief, but the affidavit must disclose the sources of information and grounds of belief. The act, in the case before the court, was not designed to give a party to a civil action before a trial justice the license to trifle with the fitness of that officer for the hearing of a cause, and the right to cast an imputation upon his impartiality without any reason therefor." From this judgment defendants appeal upon the several grounds set out in the "Case."

The section of the general statutes, as amended by the act of 1884, upon which this motion is based, reads as follows: "Whenever a person charged with crime, to be tried, or to be examined under section 829 hereof before a trial justice, or whenever either party to a civil action which is to be tried before a trial justice shall make and file before the trial justice issuing the papers an affidavit to the effect that he does not believe that he can obtain a fair trial or examination before the trial justice, the papers shall be turned over to the nearest trial justice of that county, who shall proceed to try the case, or hold the examination, as if he had issued the papers." There is no doubt that the first affidavit submitted by the defendants was wholly insufficient to secure a transfer of the case, for it showed upon its face that the objection was not to the trial justice, but to the persons who were likely to compose the jury, and as the statute makes ample provision to secure an impartial jury, in subsequent sections of the same chapter, it is very clear that the section now under consideration was not designed to effect any such purpose.

We are also inclined to agree with the view taken by the very intelligent trial justice who originally heard the motion, that the second affidavit came too late. It is true that the act does not indicate any particular time at which the motion to transfer should be made, but courts of justice must necessarily establish rules for the orderly and proper transaction of business which come before them, even when statutes are silent upon the subject. It must be remembered that both parties to a cause have rights

which must be protected by the court, and neither party should be subjected to any unnecessary expense or delay in the prosecution or defence of his rights. Now, if a party can, without sufficient cause, delay making his motion to transfer until the very day set for the trial, he may thereby subject his adversary to expense and delay, which should, if practicable, be avoided. We think, therefore, the proper practice, in a case like this, is that the party who proposes to make a motion to transfer should be required to do so before the day appointed for the trial, unless he makes affidavit that he could not, and did not, know before that time the facts which induce him to believe that he could not obtain a fair trial before the trial justice who issued the papers.

We are also inclined to the view taken by the Circuit Judge, that a mere statement that a party *believes* he cannot obtain a fair trial before a given trial justice, without any reasons given for such belief, is not sufficient. The legislature could scarcely have intended to put it in the power of a party to cast a grave imputation upon a judicial officer by a mere affidavit as to his belief, upon which, if untrue, it would be very difficult, if not impossible, to assign perjury. But, as has been argued by the appellants' counsel, the language of the statute is very plain, and does not require anything more than a mere statement, "to the effect that he does not believe that he can obtain a fair trial or examination before the trial justice," and, therefore, we are not disposed to rest our decision upon this ground. Where, however, as in this case, there are two affidavits before the court, in one of which the reason for the belief that the defendants cannot obtain a fair trial is given, and in the other no reason whatever is stated, the natural conclusion is that the reason given is the only, or at least the best, reason for the alleged belief; and where, as here, the reason given shows on its face that the real objection was to the jury, and not to the trial justice, it does not appear to us that the case is brought within the terms of the statute relied upon.

But there is another ground which is conclusive against the appellants. The statute requires that the affidavit upon which the motion to transfer was based, should be *made* before the trial justice who issued the papers. The language of the act is: "Whenever either party to a civil action which is to be tried before

a trial justice shall *make* and file before the trial justice issuing the papers an affidavit," &c. Now, in this case, neither of the affidavits submitted were made before the trial justice issuing the papers, one being made before the clerk of the court, and the other before a notary public, and therefore appellants have not brought themselves within the terms of the statute upon which they rely. It is true that this is a *literal* construction of the act, but as appellants can only maintain their position by a like literal construction of the terms of the act as to the nature of the affidavit required, they cannot complain if a like construction is applied in determining the officer before whom the affidavit must be made. They rely upon a purely statutory right, and the rule is well settled that he who invokes such a right must take care to bring himself within all the terms of the statute invoked.

The judgment of this court is that the judgment of the Circuit Court be affirmed.