STATE v. CONKLE.

1. VENUE—MAGISTRATE.—Where a party to a cause in a magistrate court files with him an affidavit stating the grounds why he thinks he cannot get a fair trial before him, under 22 Stat., 12, it is mandatory on magistrate to grant change of venue.

2. PRACTICE—IBID.—EVIDENCE.—The proper practice is for magistrate to take testimony of witnesses in writing and have it signed by them at trial; but failure to do so under all circumstances may not cause judgment to be set aside.

Before GARY, J., Newberry, February, 1902. Affirmed.

Indictment in magistrate court against William Conkle, Thomas Banks and Neeley Long. From order of Circuit Court reversing judgment of magistrate, State appeals.

*Solicitor Sease* and *Messrs. Schumpert & Holloway,* for appellant.

*Mr. Cole L. Blease,* contra.

July 5, 1902. The opinion of the Court was delivered by MR. JUSTICE JONES. The defendants having been brought before a magistrate for trial upon a warrant charging them with malicious injury to personal property, made timely motion for a change of venue to the nearest magistrate, upon an affidavit complying with the act of 1896, 22 Stat., 12. The magistrate refused the motion and tried defendants, who were found guilty and sentenced. On defendants' appeal, the Circuit Court reversed the judgment of the magistrate and remanded the case to be transferred for new trial to the nearest magistrate, pursuant to said act. The State now appeals from the judgment of the Circuit Court.

The first exception raises the question whether the Circuit Judge erred in holding that under said act it is mandatory upon the magistrate to order the change of venue, instead of holding that it was discretionary with the magistrate. The act provides: "Sec. 2. Magistrates shall have power to change venue in all cases, civil and criminal, pending before them * * * Whenever either party in a civil case, or the prosecutor or accused in a criminal case, which is to be tried before a magistrate, shall file with the magistrate issuing the paper an affidavit to the effect that he does not believe he can obtain a fair trial before the magistrate, the papers shall be turned over to the nearest magistrate not disqualified from hearing said cause in the county, who shall proceed to try the case as if he had issued the papers; provided, such affidavit shall set forth the

grounds of such belief, &c." It being admitted that the affidavit submitted complied with the requirement of the statute, we agree with the Circuit Court, that it was mandatory upon the magistrate to change the venue, and that it was reversible error for the magistrate to proceed with the trial of the case.

Under this view it becomes unnecessary to consider the other exception, raising the question whether the Circuit Court erred in reversing the judgment of the magistrate, because the testimony of the witnesses was not read over to them and signed by them before sentence was passed, although the testimony was so read over to the witnesses and signed by them, after the trial and prior to the filing of the return of the magistrate on appeal from his judgment. The only provision on this subject to which our attention is directed is that contained in the sec. 68, Criminal Statutes, as follows: "Within ten days after said service (referring to notice of appeal from magistrate), the said magistrate shall file in the office of the clerk of the Court the said notice, together with the record and statement of all proceedings in the case, and the testimony in writing taken at the trial and signed by the witnesses." Inasmuch as appeals from magistrates are heard upon the papers required to be filed as above, without examination of witnesses, the implication is that on trials before magistrates the testimony of witnesses should be taken down in writing and signed by them before the magistrate at the trial. This is undoubtedly the proper practice, and its enforcement would be salutary, but we are not prepared to say now that every failure to have a witness to sign his testimony from accident or otherwise, during the progress of the trial, would of itself be good ground for setting aside the judgment of the magistrate.

The judgment of the Circuit Court is affirmed.