### BACOT v. DEAS.

1. CHANGE OF VENUE—MAGISTRATE.—AN AFFIDAVIT made and served in magistrate court to obtain change of venue must state the reasons why affiant believes he cannot get a fair trial before the magistrate, and he cannot amend such affidavit at the hearing.
2. SUBPOENA—CONTINUANCE.—An unsworn statement that an individual left a subpoena ticket for a witness with one J., without stating what connection existed between J. and the witness, is not proof

of legal service, and refusal of continuance for absence of such witness is not error.

MR. JUSTICE GARY *dissents*.

Before KLUGH, J., Darlington, December, 1902. Affirmed.

Action by Agnes Bacot against E. H. Deas. From Circuit order sustaining judgment of magistrate, defendant appeals.

*Messrs. Spears & Dennis,* for appellant. No printed argument.

*Mr. George W. Brown,* contra, cites: *As to continuances:* 4 Ency. P. & P., 828, 835; 33 S. C., 106, 582; 27 S. C., 80; 19 S. C., 61, 88; 18 S. C., 601; 16 S. C., 459; 38 S. C., 333; 42 S. C., 205. *As to change of venue:* 4 Ency. P. & P., 408; 56 Cal., 327; 11 Mont., 1; Code Proc., 88, sub. 19; 24 S. C., 107. *As to amendments:* 13 S. C., 23; 57 S. C., 502; 53 S. C., 222.

July 29, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action for the recovery of the sum of fifty dollars came up in the court of Magistrate Sanders to be tried. Owing to defendant's sickness, its trial was, on motion, postponed until October 10th, 1902. On that day, the defendant, on an affidavit, on that day filed with the magistrate, and which was served on the 8th day of October, 1902, on plaintiff's attorney, moved for a change of venue to another magistrate on account of the bias of Magistrate Sanders. The magistrate overruled this motion, thereby denying a change of venue. Thereafter a motion was made to continue the cause because of the absence of a material witness who resided in the county of Richland, in this State. The defendant in his effort to thus continue his case, submitted an affidavit detailing his efforts to procure

the attendance of the absent witness and what he hoped to establish by the testimony of this witness. This motion was also denied. The trial was had, resulting in a judgment for the plaintiff. An appeal was then taken to the Circuit Court, which, after a hearing there, was dismissed. After judgment this appeal was taken. It will be our duty now to pass upon the question thus raised.

The exceptions are as follows: His Honor erred in affirming the judgment of the magistrate:

"I. On the grounds that the affidavit on which the motion for change of venue was based was insufficient, in that it contained no ground to sustain deponent's belief that he could not obtain a fair and impartial trial; whereas, it is respectfully submitted that the affidavit is sufficient, and that the magistrate's judgment should have been reversed and a change of venue granted.

"II. That even if the grounds set forth in the affidavit were not as full and particular as may be required, the magistrate erred in not allowing defendant to amend so as to set forth more fully the grounds of his belief, and his Honor erred in affirming the judgment of the magistrate on that point.

"III. In affirming the magistrate's judgment overruling defendant's motion for a continuance on account of the absence of defendant's sole witness, G. M. Hill, on the ground that there was no proof of service of subpœna, and in refusing to allow defendant to introduce evidence to show that said witness was in Columbia, S. C., and that he had used due diligence, in addition to the subpœna, to procure the attendance of said witness, and that he offered to pay all of his expenses, and that he did not learn that said witness would not be present until too late to have him examined by deposition in time for said trial; whereas, it is respectfully submitted, that the magistrate should have postponed the trial to allow defendant an opportunity to have said witness examined on deposition, as it appears that said witness was

more than twenty miles from Darlington, and is not a resident of Darlington County."

Inasmuch as exceptions one and two relate to the matter of change of venue, we will consider them together. The nineteenth subdivision of section 88 of the Code of Civil Procedure of this State is in these words: "Magistrates shall have the power to change the venue in all cases, civil and criminal, pending before them: *Provided,* That in counties where they have separate and exclusive territorial jurisdiction, the change of venue shall be to another magistrate's district in the same county. Whenever either party in a civil case, or the prosecutor or accused in a criminal case, which is to be tried before a magistrate, shall file with the magistrate issuing the paper an affidavit to the effect that he does not believe that he can obtain a fair trial before the magistrate, the papers shall be turned over to the nearest magistrate not disqualified from hearing said cause in the county, who shall proceed to try the case as if he had issued the papers: *Provided,* Such affidavit shall set forth the grounds of such belief, and in civil cases two days' notice of the application for change of venue shall be given to the adverse party. One such transfer only shall be allowed to each party in any case." This Court, in the recent case of the *State* v. *Conkle and others,* 64 S. C., 372, has held that when a party under the foregoing statutory provision has complied fully with its requirements, such party has the right to demand a change of venue therein secured; in other words, it is mandatory upon the magistrate to change the venue and not discretionary. The statutory provision is mandatory upon all. If a compliance is not made by the party seeking the change of venue with all the requirements of such statutory provision on his part, he thereby loses his right to a change of venue. Let us see, therefore, if the defendant himself has complied therewith. In his affidavit, the defendant states: "that he does not believe that he can obtain a fair and impartial trial before Magistrate H. E. P. Sanders, for the reason that the said

magistrate is prejudiced against him on account of certain matters which have come up in the past between them." The second proviso in the statute under consideration requires that the affidavit shall set forth the grounds of affiant's belief that he cannot obtain a fair trial before the magistrate from whom the removal is sought, and this was an amendment to a statute which merely required that the affidavit should state such belief. We think the legislature meant something by this amendment, especially when we consider that the opinion of the Court in the case of *McNair v. Tucker,* 24 S. C., 105, was rendered after the original act and before the amendment. That case intimates that judicial officers ought to be protected against capricious statements by parties that they are unfair, prejudiced, or otherwise disqualified from hearing a cause. In other words, it seems clear that the purpose of requiring the grounds to be stated was to place some responsibility and fix some obligation upon the affiant. The law does not provide that the grounds should be such as would convince the magistrate, and the reason, we think, for requiring them to be stated is to prevent arbitrary and capricious charges of prejudice; and to this end, it seems to us, the law contemplates that the affidavit shall contain such statements as would form the basis of an indictment for perjury. The affidavit in this case does not meet the requirement, as the defendant could not be convicted of perjury for stating that the magistrate is prejudiced against him on account of certain matters which have come up in the past between them, this being nothing more than an expression of defendant's opinion. A ground is a reason—a mere statement of opinion is not a reason. It is said in 2 Cyc., 22: "The chief test of the sufficiency of an affidavit is whether it is so clear and certain that an indictment for perjury may be sustained on it if false." After the magistrate had ruled that the affidavit was insufficient, defendant moved for permission to amend the same, but his motion was refused. The Circuit Court sustained the magistrate, and this forms the ground of the second

exception.   The statute makes no provision for allowing amendment to the affidavit, and we think the motion was properly refused.   These grounds of appeal are overruled.

We will now examine the alleged error of the Circuit Judge in refusing the motion for a continuance, as made by the defendant.   It is stated in the "case" for appeal that the defendant attempted to subpœna one George M. Hill, of the city of Columbia, in this State, and that his agent, one L. H. Sligh, sent a statement that he served the said G. M. Hill by leaving a ticket for him with one Lelia Jones.   This statement was not sworn to, nor was there any connection shown to exist between the said Lelia Jones and George M. Hill.   Of course, this was no legal service of subpœna ticket.   It has been so often held that this Court will not interfere with the legal discretion of a presiding officer of a lower court in the matter of a continuance, unless it is made to appear that there was an abuse of discretion by such presiding officer of the Court below. This suit was commenced on the 4th of September, 1902. There had been one continuance at the instance of defendant. It was the duty of defendant to prepare for trial.   There had been no effort to secure the testimony of George M. Hill by commission, and no legal service of subpœna ticket upon him.   Clearly, therefore, there was no abuse of the discretion confided by law to the magistrate; hence no excuse exists for an interference by us in the matter.   This ground of appeal is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *dissents.*