### RILEY v. MUTUAL LIFE INS. CO.

JURISDICTION—MAGISTRATE—CIRCUIT COURT.—When the Circuit Court, on appeal from magistrate, decides that the magistrate had not acquired jurisdiction of the person of the defendant, it should dismiss the case and not send it back to magistrate for further action.

Before KLUGH, J., Saluda, May term. 1903. Reversed.

Action by D. Luther Riley against Mutual Life Insurance Co. From order of Circuit Court remanding the cause to magistrate court, defendant appeals.

*Mr. Eugene W. Able,* for appellant, cites: *Summons served does not give Court jurisdiction of defendant:* Rev. Stat., sec. 88, sub-div. 16; 26 S. E. R., 985; 27 S. E. R., 526.

April 1, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff instituted his action in the court of M. L. Little, Esq., one of the magistrates for Saluda County, on the 3d day of April, 1903, to recover the sum of $26.50 of the said defendant, the Mutual Life Insurance Company. The summons was served upon F. H. Hyatt, Esq., as manager for this State of said defendant insurance company, on the 7th day of April, 1903, at Columbia, S. C., and said summons is in these words:

"State of South Carolina, County of Saluda, Court of Magistracy. Summons for relief, complaint served. D. Luther Riley, plaintiff, against The Mutual Life Insurance Company, defendant. To the defendant, the Mutual Life Insurance Company: You are hereby summoned and required to answer the complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said complaint on the subscribers at their office, Saluda, S. C., within twenty days after the service hereof, exclusive of the day of service; and if you fail to answer the complaint within the time aforesaid, the plaintiff in this action will apply to the Court for the relief demanded in the complaint. Barnard B. Evans, plaintiff's attorney. M. L. Little, (L. S.) Magistrate. Saluda, S. C., April 3d, A. D. 1903."

A complaint was served with the summons.

The "Case" shows that at 3 o'clock P. M., on the 28th day of April, 1903, the magistrate, M. L. Little, Esq., called the

case for trial. B. B. Evans, Esq., as attorney for plaintiff, alone was present. The defendant nor his attorney put in an appearance. Upon the production of an affidavit as to service of the summons and complaint, the said magistrate gave judgment for $26.50, also for sixty cents for magistrate's costs and for $11 constable's costs. We should have stated that the complaint showed a claim against the defendant on account. On the 29th day of April, 1903, the defendant served notice of appeal upon the magistrate and plaintiff's attorney, which, omitting formal part of notice and exceptions, was as follows:

"1. Because the magistrate, M. L. Little, has never acquired jurisdiction of the defendant herein, in that there has been no proper or legal summons served on the defendant, requiring him to appear in his court more than twenty days from the date of service thereof; and further, because the summons served was wholly insufficient and did not appoint a time or place of trial.

"2. In that the judgment rendered was irregular and void, in that there is no proof whatever offered of the truthfulness of the complaint, and the action not being upon a written instrument, for the payment of money only, the cause of action must be proven regularly, even where default has been made.

"3. In that it was error to give judgment for $11 for constable's costs in the case, because under the law an officer can charge for the miles actually traveled in making service only, and it is a fact that the officer making the service herein is a resident of Columbia, S. C., and made the service in that city, and did not travel from Saluda to Columbia."

But the "Case" shows that the magistrate, after the notice of appeal, to wit: on the first day of May, 1903, entered on his record these words: "The Court took a recess until May 1st, when the proof of the claim was introduced, and the following testimony taken." Then followed the testimony taken on 1st May, 1903, by the magistrate in support of plaintiff's claim.

25—68

The appeal came on to be heard before his Honor, Judge Klugh, in the Court of Common Pleas of Saluda County, at the May term, 1903, of said Court. As the result of such hearing, the said Circuit Judge passed an order sustaining exception No. 1, and ordering the record to be returned to the magistrate, M. L. Little, Esq., for such further proceedings to enforce his decree as were necessary. The Circuit Judge, in his order, declared that he deemed it unnecessary to pass upon the other matters contained in exceptions two and three.

Within due time, the defendant appealed from and excepted to the order of Judge Klugh on the following grounds:

"1. Because his Honor, Judge Klugh, erred in remanding the cause to the magistrate, in that having found that the court had never acquired jurisdiction of the defendant, the judgment rendered by the magistrate should have been set aside with costs, and the cause dismissed.

"2. Because his Honor, Judge Klugh, erred when he sustained defendant's first exception, in failing to set aside the judgment entered by the magistrate, and awarding costs on the appeal to the defendant, and dismissing the action.

"3. Because his Honor, Judge Klugh, erred in refusing to consider the exception of the defendant, wherein defendant complained that it was error for the magistrate to enter judgment against the defendant without formal proof of the cause of action; and it is respectfully asserted that it was error for the magistrate to receive any testimony herein on May 1st, after entering the orders that he entered April 28th, and receiving notice of defendant's intention to appeal April 29th.

"4. Because his Honor, Judge Klugh, erred in refusing to consider defendant's exception, whereby defendant complained that it was error for the magistrate to give judgment for constructive mileage of an officer for serving papers."

We will now endeavor to consider this appeal. In the first place, we will remark that the question that the magis-

trate below had no jurisdiction to hear and determine this case, is conclusively settled against all parties by the Circuit Judge sustaining appellant's first exception, and there is no appeal therefrom. But defendant, appellant, contends that the Circuit Judge should have given his own judgment and not referred the cause back to the magistrate for that purpose. So we sustain the appellant's first exception or ground of appeal. See section 368, subdivision 1, of the Civil Code of Procedure of South Carolina, where the Circuit Judge is directed to render his judgment.

As to the second exception, we sustain that also, and we might add that whenever a question of jurisdiction is settled against a plaintiff, then his action should be dismissed. There can be no valid orders or judgment in an action where the Court is without jurisdiction. *Wrey* v. *Johnson*, 62 S. C., 533; 40 S. E., 937.

If the judgment of the magistrate is void for want of jurisdiction, then *all* he adjudged is null and void. It was not error in the Circuit Judge to refuse to go into particulars, as set out in the third and fourth exceptions.

It is the judgment of this Court, that the order of the Circuit Court appealed from be remitted to that Court, with direction to the presiding Judge of said Court to make a judgment declaring the judgment of the magistrate's court null and void, and reversing the same.