## WITTE v. CAVE.

MAGISTRATE—VENUE.—An affidavit on motion to remove a case from one magistrate to the next nearest, stating as the reasons therefor opinions of affiant based on appealable rulings of magistrate at a former trial, does not state *reasons* for removal.

Before DANTZLER, J., Barnwell, November, 1904.   Affirmed.

Proceeding before Magistrate W. P. Sanders to eject trespasser by W. W. Moore, agent of C. O. Witte and E. H. Sparkman, against A. C. Cave.   From Circuit order affirming order of magistrate refusing to change venue, defendant appeals.

*Messrs. Davis & Best,* for appellant, cite: *On Main question:* 64 S. C., 371; Crim. Code, 33.

*Messrs. Bates & Simmons,* contra, cite: *Exceptions too general:* 65 S. C., 192, 235, 517; 67 S. C., 553; 68 S. C., 55, 279.   *On main question:* Code of Proc., 88; 24 S. C., 105; 67 S. C., 249.

November 15, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   In this proceeding before a magistrate, under sec. 2423 of the Civil Code, vol. 1, to dispossess the defendant, after a mistrial before a jury and before the call of the case for a second trial, upon affidavit, he made a motion for a change of venue to the next nearest magistrate. The magistrate denied the motion and proceeded with the trial of the case and rendered judgment against the defendant.   On appeal therefrom the Circuit Court affirmed the judgment of the magistrate, holding with reference to changing the venue, that the affidavit upon which it was based was not sufficient to make it the duty of the magistrate

to remove the case, under the rule stated in *Bacot* v. *Deas,* 67 S. C., 248, 45 S. E., 171. The correctness of this determination is the only question presented by this appeal.

The affidavit for removal is as follows: "Before me personally appeared, A. C. Cave, who, after being duly sworn, deposes and says, that he is the defendant in the above entitled cause; that he does not believe he can get a fair and impartial trial in the above entitled action before Magistrate W. P. Sanders for the following reasons:

"1st. That said magistrate is prejudiced against deponent and in favor of the plaintiff in this:

"a. That this proceeding has already been tried before said magistrate, who ruled out all of defendant's testimony.

"b. That said magistrate has expressed himself to the effect that he would not allow the defendant to prove anything except the question of landlord and tenant.

"c. That said magistrate has expressed himself by saying that the defendant cannot prove any circumstances or contract between the plaintiffs and himself going to sustain his return (which is made a part of this affidavit) except in writing.

"d. That the deponent is informed by his counsel and verily believes that the magistrate herein is so fixed in his views about this case that the trial before him will unalterably result in practically directing a verdict for the plaintiff.

"e. That said magistrate positively refuses to allow defendant to prove his answer to the rule save by an instrument of writing or some memorandum in the nature thereof.

"Wherefore, the deponent prays that the case be transferred to the nearest magistrate for trial, as required by law.

"(Jurat.)                            A. C. CAVE."

The Circuit Court correctly held that the reasons assigned by the appellant in his affidavit were not reasons but were statements of opinions based upon the rulings of the magistrate made during the first hearing of the case, rulings on the law and appealable to the Circuit Court, and that the affidavit

stated no ground or fact showing that a fair trial could not be had before the magistrate. The statute, sec. 88 of the Code of Civil Procedure, which gives magistrates power to change the place of trial in cases pending before them, requires that the party applying therefor shall file with the magistrate an affidavit to the effect that he does not believe that he can obtain a fair trial before the magistrate, and further provides that such affidavit shall set forth the grounds of such belief. When these requirements are complied with and due notice of motion given, it is the duty of the magistrate to transfer the case, and it is reversible error of law, to proceed with the trial. *State* v. *Conkle,* 64 S. C., 372, 42 S. E., 173. But in the case of *Bacot* v. *Deas,* 67 S. C., 245, 248, 45 S. E., 171, where the defendant in his affidavit stated, "that he does not believe that he can obtain a fair and impartial trial before Magistrate H. E. P. Sanders, for the reason that said magistrate is prejudiced against him on account of certain matters which have come up in the past between them," this Court held that the magistrate committed no error in holding the affidavit insufficient and proceeding with the trial. The Court, in effect, held that the affidavit should state facts tending to show that a fair trial cannot be had before the magistrate, that it is not sufficient to state the mere opinion of the affiant, and that the affidavit should contain such statement of facts as would form the basis of an indictment for perjury. Tested by this rule, the affidavit must be held insufficient.

The judgment of the Circuit Court is affirmed.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*