6923

MAYES v. EVANS.

1. JURISDICTION.—MAGISTRATE does not acquire jurisdiction of the person of a defendant in ejectment proceedings by service of rule requiring him to show cause in two days. *Here* the want of jurisdiction was cured by defendant's answering and engaging in the trial on its merits.

2. VENUE—IBID.—Notice of change of venue in magistrate court must be served two days before trial day, except possibly in those cases where the facts upon which the motion is based did not come to the knowledge of mover in time, and then his affidavit should state the reasons for not making the motion in time. Statement in affidavit in this case that the magistrate had said in presence of parties that mover did not have a case is not sufficient to warrant change of venue.

3. REHEARING refused.

Before PURDY, J., Saluda, April, 1907. Reversed.

Proceeding in ejectment before Magistrate J. H. Ethridge by W. M. Mayes, against B. B. Evans. From circuit order reversing judgment of magistrate, plaintiff appeals.

*Mr. Eugene W. Able,* for appellant, cites: *The statute does not mean defendant can not be required to answer in less than three days:* Code 1902, 2423; 29 Ency., 521; Code of Proc., Sec. 71, Sub. 12; 88 Sub. 17, 149; 6 S. E., 859;

47 S. C., 243; 24 S. C., 507. *Motion for change of venue came too late:* 24 S. C., 105.

*Mr. B. B. Evans,* contra, oral argument.

The opinion in this case was filed April 16th, but *remittitur* held up on petition for rehearing until

June 5, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was a special proceeding under Section 2423, Vol. 1, Code of Laws, to eject the respondent for holding over after notice to quit and for failure to pay rent.

In such cases, the notice required by the statute in question to be served by the magistrate, is "To show cause before him, if any he can, within three days from the date of the said personal service of such notice, why he should not be dispossessed." The notice was served on December 5, 1906, by Magistrate J. H. Etheridge, requiring respondent, Evans, to appear and show cause, if he could, at 10 A. M., on December 7, 1906.

The respondent appeared and demurred to the jurisdiction of the court on the ground that the case was called within two days from date of service of the rule, thereby depriving him of the right to show cause at any time within three days as prescribed by statute.

The magistrate overruled the demurrer. Respondent then demanded a trial by jury and participated in the selection of the venire of jurors for the trial of the cause. The case was adjourned by the magistrate until three o'clock, p. m.

When the Court reassembled the respondent moved for a change of venue upon the following affidavit: "Personally appeared before me, Barnard B. Evans, and made oath in the case of *Mayes v. Evans,* now being tried before J. H.

Etheridge, magistrate, he could not get a fair and impartial trial before the said magistrate from the fact that the said magistrate had expressed himself in the hearing of parties that the said Evans had no cause and he should be made to vacate the said premises.

(Signed) BARNARD B. EVANS.

"Subscribed and sworn to before me this 7th day of December, 1906. M. T. PITTS, C. C. C. P."

The motion was overruled by the magistrate, a jury was selected and the trial proceeded on its merits, resulting in a verdict for relator, W. M. Mayes, for the immediate possession of the premises. Respondent, Evans, remained, answered and participated in the selection of the jury and in the trial of the case on its merits.

On appeal to the Circuit Court, Judge Purdy reversed the magistrate on the ground that the demurrer to the jurisdiction should have been sustained and for error in refusing to change the venue. The appeal to this Court questions the correctness of both these rulings.

1. We are inclined to agree with Judge Purdy in this view that under Section 2423, Vol. 1, Code of 1902, the Court did not acquire jurisdiction over the person of defendant under the notice given, but it is not necessary to express an opinion on this point, inasmuch as the respondent has waived the question of jurisdiction over the person by answering and participating in the trial on its merits. *Garrett* v. *Herring Furniture Co.,* 69 S. C., 278, 48 S. E., 254, and authorities cited therein.

2. The statute, Section 88, subdivision 19, Code of Procedure, governing change of venue in magistrate's courts provides: "Magistrates shall have the power to change the venue in all cases, civil and criminal, pending before them. * * * Whenever either party in a civil case, or the prosecutor or accused in a criminal case, which is to be tried before a magistrate, shall file with the magistrate issuing the papers, an affidavit to the effect that he does not

believe he can obtain a fair trial before the magistrate, the papers shall be turned over to the nearest magistrate, not disqualified from hearing said cause in the county, who shall proceed to try the case as if he had issued the papers: *Provided,* Such affidavit shall set forth the grounds of such belief, and in civil cases, two days' notice of the application for change of venue shall be given to the adverse party."

Before the magistrate, appellant resisted the motion to change venue and renews the same in this Court on exceptions to the rulings of the Circuit Court on the following grounds: 1. Insufficiency of affidavit. 2. The motion came too late, a jury having been demanded by respondent and the venire of jurors having been drawn. 3. Two days' notice, as required by the statute, was not given.

The decisions of this Court show that there must be a strict compliance with all the requirements of the statute before it becomes the mandatory duty of the magistrate to change the venue. *State* v. *Conkle,* 64 S. C., 371, 42 S. E., 173; *Bacot* v. *Deas,* 67 S. C., 248, 45 S. E., 171; *Witte* v. *Cave,* 73 S. C., 17, 52 S. E., 736.

It is manifest that there was a failure to comply with the statute with respect to giving two days' notice of the motion. If it be true that under the summary notice to show cause given by the magistrate in this case, if was impossible for respondent to have given the requisite notice of motion for change of venue, it was at least incumbent on him to state in his affidavit facts from which the Court could infer that he became aware of the alleged declarations of the magistrate at a time when he could not have given two days' notice before the trial. No such showing was made in the affidavit in this case.

The case of *McNair* v. *Tucker,* 24 S. C., 105, holds that a motion to transfer a cause from one trial justice (magistrate) to another should be made before the day appointed for trial unless based upon facts discovered later. While the decision was based upon another statute, which did not specify the notice to be given of such motion, the general

principle should apply here, as it does not comport with the orderly administration of justice to entertain motions for change of venue after entering upon the trial upon grounds which must have been known to the party previous to the trial.

In construing this statute this Court in *Bacot* v. *Deas,* 67 S. C., 245, 45 S. E., 171, and *Witte* v. *Cave,* 73 S. C., 17, 52 S. E., 736, held "that the affidavit should state facts tending to show that a fair trial can not be had before the magistrate, that it is not sufficient to state the mere opinion of the affiant and that the affidavit should contain such statement of facts as would form the basis of an indictment for perjury."

It is clear that in this affidavit the facts stated are not sufficient to form the basis of an indictment for perjury and that the affidavit is not materially different from the affidavit declared insufficient in *Witte* v. *Cave, supra.*

We think the grounds of objection urged against the change of venue are well taken.

The judgment of the Circuit Court is reversed, and the judgment of the magistrate court is affirmed.

June 5, 1908.   PER CURIAM.   After careful consideration of the petition for rehearing, the Court is of the opinion that no material issue of fact has been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and that the order staying the remittitur, heretofore granted, be revoked.