8300

BROWN & PARLER v. KOLB.

1. ACCEPTANCE OF SERVICE OF NOTICE OF INTENTION TO APPEAL IN MAGIS-
TRATE CASE by magistrate on notice sent by mail is equivalent to
personal service.

2. WHERE DEMAND IS MADE IN CLAIM AND DELIVERY before suit brought
which is discontinued, a second demand is not necessary before bring-
ing a second action.

3. APPEAL.—WHERE MAGISTRATE HAS ACQUIRED JURISDICTION of a case
his refusal to send to another magistrate for trial on proper showing
is merely error of law and new trial need not be granted when this
Court can decide the case on the merits without regard to technical
errors.

*Wren* v. *Johnson,* 62 S. C., 533, *and Riley* v. *Mutual Life Ins. Co.,*
68 S. C., 383, *distinguished from this.*

4. ATTORNEY'S FEES—CHATTEL MORTGAGE.—If mortgagee bring suit in
claim and delivery to foreclose a crop mortgage, he cannot recover
attorney's fees, although the mortgage provides for attorney's fees
in case of seizure under the mortgage.

MR. CHIEF JUSTICE GARY *and* MR. JUSTICE FRASER *think this case
should not have been tried by the magistrate under the showing for
removal.*

Before RICE, J., Sumter, April, 1912.　Modified.

Action by Brown & Parler against J. R. Kolb in court of
magistrate W. J. Reese. From Circuit order affirming
magistrate judgment, defendant appeals.

*Mr. A. B. Stuckey,* for appellant, cites: *Requisites of affi-
davit of removal:* 73 S. C. 17; 64 S. C. 373. *New demand
was necessary:* 47 S. C. 335; 27 S. C. 240. *Attorney's fees
should not be included in verdict:* 62 S. C. 489. *Acceptance
of service by magistrate is sufficient:* 58 S. C. 436.

*Mr. L. D. Jennings,* contra, cites: *Personal service cannot
be made by mail:* 52 S. C. 528; 32 Cyc. 457; 74 S. C. 27.

August 26, 1912.　The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   In this action for claim and delivery of a lot of produce under a crop mortgage, the jury in the magistrate's court found a verdict in favor of the plaintiffs for the property in dispute, which they valued at one hundred dollars, and found a special verdict that the defendant owed the plaintiffs one hundred dollars.   Upon appeal the Circuit Court affirmed the judgment of the magistrate.

There is nothing in the point made by respondent that the notice of appeal from the magistrate was not personally served.   Sending by mail would not have been a good service, but the service was complete when the magistrate received the notice and, in writing, acknowledged service within five days.

The position that there was no demand before the action was brought is not tenable.   The evidence shows that a demand was made and refused, that an action was then brought and the property taken, but, on account of some irregularity, this first action was discontinued and the property released.   It seems obvious that a second demand was not necessary.

The Court is of opinion that the magistrate erred in refusing to send the case to another magistrate on the facts stated in defendant's affidavit, but it does not follow that there should be a new trial.   This is not a case like *Wren* v. *Johnson*, 62 S. C. 533, 40 S. E. 937, and *Riley* v. *Mutual Life Ins. Co.*, 68 S. C. 383, 47 S. E. 708, where all the proceedings were absolutely void because the Court had never acquired jurisdiction.   On the contrary, the magistrate did acquire jurisdiction of this case and his refusal to send the case to another magistrate was like any other error of law, and should not result in a new trial if this Court can "give judgment according to the merits of the case without regard to technical errors and defects" as. required by section 368 of Code of Procedure.

The plaintiff having proved his account for $77.55, and the defendant having offered no testimony upon which the

jury could have found a less amount, the plaintiff, beyond doubt, was entitled to a verdict for that sum. As that was the entire debt, the verdict for $100 must have included attorney's fees to the amount of $22.45, which were not recoverable in this action. The mortgage provided that on default, the mortgagee might seize and sell the property, and that upon the sale "he shall apply the proceeds of such sale, after deducting all expenses and charges, including attorney's fees, toward the payment and discharge of the indebtedness," etc. Under a similar contract, it was held in *Walker* v. *Killian,* 62 S. C. 482, 40 S. E. 887, that the mortgagee could not claim the fees if he foreclosed by action and not by seizure under the power.

The judgment of this Court is that the judgment of the Circuit Court be modified by a reduction of $22.45.

MESSRS. JUSTICES HYDRICK *and* WATTS *concur.*

MR. CHIEF JUSTICE GARY. This is an action in claim and delivery, and was tried by a jury in a magistrate's court, when a verdict was rendered in favor of the plaintiffs.

The defendant made a motion before the magistrate, for a change of venue, "because the defendant is apprehensive that the magistrate may not give him a fair and impartial trial, for the reason that W. T. Brown, (one of the plaintiffs), stated sometime during the summer of 1911, in the presence of this defendant, and others, that Magistrate Reese will not decide a case against him for anybody, and that said magistrate may be so under the influence of the plaintiffs, as not to render a fair and impartial trial herein."

There were also other grounds.

The magistrate refused the motion, and such refusal, was made the basis, of one of the appellant's grounds of appeal to the Circuit Court, which dismissed the appeal; whereupon the defendant appealed to this Court, upon this and other grounds.

Section 88, subdivision 19 of the Code provides: "Whenever either party to a civil case, * * * which is to be tried before a magistrate, shall file with the magistrate issuing the paper, an affidavit to the effect, that he does not believe he can obtain a fair trial before the magistrate, the papers shall be turned over to the nearest magistrate, not disqualified from hearing said cause in the county, who shall proceed to try the case, as if he had issued the papers: *Provided,* Such affidavit shall set forth the grounds of such belief."

When the affidavit complies with the requirements of the Code, it is mandatory upon the magistrate, to change the venue, and it is reversible error, for him to proceed with the trial of the case. *State* v. *Conkle,* 64 S. C. 371, 42 S. E. 173.

In construing said section of the Code, the Court used this language, in the case of *Bacot* v. *Deas,* 67 S. C. 245, 45 S. E. 171: "The law does not provide, that the grounds should be such, as would convince the magistrate, and the reason, we think, for requiring them to be stated is, to prevent arbitrary and capricious charges of prejudice; and, to this end, it seems to us, the law contemplates, that the affidavit shall contain such statements, as would form the basis of an indictment for perjury." This principle is affirmed, in the cases of *Witte* v. *Cave,* 73 S. C. 15, 52 S. E. 736, and *Mayes* v. *Evans,* 80 S. C. 362, 61 S. E. 216.

These authorities show, that the affidavit herein, complied with the requirements of the Code, and that the magistrate erred, in refusing to change the venue.

As the magistrate did not have the right to try the case, the other questions involved, were not properly before him for consideration; nor can they be considered by this Court, until they have been properly tried in the Court below. *Wren* v. *Johnson,* 62 S. C. 533, 40 S. E. 937; *Riley* v. *Ins. Co.,* 68 S. C. 383, 47 S. E. 708.

I think the judgment of this Court should be that the judgment of the Circuit Court be reversed, and that the case be remanded for a change of venue, and a new trial.

MR. JUSTICE FRASER *concurs.*