14497

STARTEX MILLS v. COMER

(191 S. E., 903)

Jan-
uary, 1937.

*Messrs. R. B. Paslay* and *Donald Russell,* for appellant, cite: 

*Messrs. Gantt & Brown,* for respondent, cite: 

June 11, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This was a special proceeding under Section 8813 of the Code of 1932. On an affidavit made by the agent of the landlord, the Startex Mills, to the effect that the tenant, B. C. Comer, was holding over after notice to quit and had refused to pay the past-due rent, a rule was issued by a magistrate requiring the respondent to show cause, at the time and place named in the order, why he should not be ejected from the premises occupied by him. Before the time set for the hearing, however, counsel for Comer gave written notice that they would move, upon the grounds stated in the tenant's affidavit thereto attached, for a change of venue. The motion was duly heard and refused, the magistrate holding that the affidavit "did not meet the requirements of law." A jury was then impaneled for trial of the cause; and at the conclusion of the testimony, the magistrate directed a verdict for the landlord for the possession of the premises. Comer thereupon appealed to the Spartanburg County Court, and by his exceptions charged the mag-

istrate with error in refusing the motion for a change of venue, in the admission of certain testimony and in directing a verdict as he did. The County Judge reversed the judgment on the sole ground that the magistrate erred in refusing to transfer the cause to another magistrate for trial, holding that the affidavit was sufficient to make it mandatory upon him to do so. Whether or not he was correct in so determining is the only question presented by the appeal to this Court.

Subdivision 19 of Section 274 of the Code of 1932, which gives magistrates power to change the place of trial in cases pending before them, requires that the moving party "shall file with the magistrate issuing the paper an affidavit to the effect that he does not believe he can obtain a fair trial before the magistrate"; and further provides that "such affidavit shall set forth the grounds of such belief."

This Court has considered and interpreted this statute in a number of cases. In *Bacot v. Deas,* 67 S. C., 245, 45 S. E., 171, 172, it said: "The law does not provide that the grounds should be such as would convince the magistrate, and the reason, we think, for requiring them to be stated, is to prevent arbitrary and capricious charges of prejudice; and to this end, it seems to us, the law contemplates that the affidavit shall contain such statements as would form the basis of an indictment for perjury." And in *State v. Barnett,* 98 S. C., 422, 82 S. E., 795, 797, after citing several of its former decisions: "These cases show that, to satisfy the statute, the grounds upon which a change of venue is asked for must be stated with such definiteness and certainty that the court can determine their sufficiency; and, if facts are stated on information and belief, the sources of information and the grounds of belief must be stated with particularity and certainty, otherwise the court cannot determine the sufficiency of the grounds, nor would the affidavit, if false, afford the basis of an indictment for perjury." See *State v. Conkle,* 64 S. C., 371, 42 S. E., 173;

*Witte v. Cave,* 73 S. C., 15, 52 S. E., 736; *Mayes v. Evans,* 80 S. C., 362, 61 S. E., 216, 657.

With the above-stated rule in mind, we turn to an examination of the affidavit in the case at bar. The statements contained in the second paragraph are merely expressions of the opinion of respondent as to what other tenants had observed in regard to the demeanor and conduct of the magistrate in the trial of similar causes, and do not at all meet the requirements of the statute. Furthermore, errors committed by the magistrate in the trial of other causes, in the respect referred to, could undoubtedly be corrected or cured by appeal. So much seems to be conceded. The respondent, however, claims that the facts stated in the third paragraph of the affidavit made it mandatory upon the magistrate to grant the motion for a change of venue. We quote as follows: "That the deponent is informed and believes that the prejudice of the Magistrate herein against the tenant is so deep that in order to defeat the rights of said tenant that he will do as he did in the first trial of the case of S. M. Emory when he reported to the Court that 'certain evidence' was offered when in truth of fact no evidence was offered in said cause, or will do as he did in the case of S. P. Caldwell, that he will report to the Court that the tenant answered a question 'yes' when in truth of fact the tenant answered it 'no', and that by reason of said prejudice and the acts of the Magistrate above stated the tenant cannot get a fair trial before said Magistrate, will be denied a trial by jury, and on appeal to higher Court will have to have the appeal heard upon a record that is erroneous and false and highly prejudicial to the rights of the tenant."

The appellant contends that what is here said by the affiant is seen to be based upon information and belief, and as the source of information and the grounds of belief are not made to appear, it follows that the statute was not satisfied. The wording of the paragraph quoted appears to give some support to this contention. But even if it should be thought that the appellant is wrong in

the view stated as to the entire paragraph, we think, nevertheless, that the affidavit is insufficient for other reasons. In the first place, the grounds upon which the change of venue was asked, are not stated with such definiteness and certainty as to enable this Court to determine their sufficiency. In other words, the facts as to the charges sought to be made against the magistrate with regard to his reports of certain other cases which had been tried by him, are not stated with sufficient definiteness and fullness to warrant a reasonable inference that, if true as stated, such charges would be well founded. In the second place, a magistrate, when an appeal is taken from his Court, is required to make a report of the case to the Appellate Court and to transmit to that Court the entire record. Any errors committed by him in the making of such report—and no doubt errors, for one reason or another, are sometimes so made—can and will be corrected by the Appellate Court, if called to its attention, by having the magistrate to amend his report with a view to that end. We hold, for the reasons stated, that the affidavit of the respondent in this case, if false, would not furnish the basis of an indictment for perjury.

The judgment of the Spartanburg County Court is reversed.

MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.

MR. JUSTICE BAKER dissents.