14688

BROWNING MFG. CO., INC., v. BRUNSON

(197 S. E., 311)

*Mr. H. D. Moise,* for appellant,

*Messrs. Lee & Moise,* for respondent,

May 24, 1938.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This cause originated in a magistrate's Court in Sumter County. In that Court the above named appellant moved for a change of venue. This motion was refused, and on appeal to the Circuit Court from this refusal Honorable Thomas S. Sease, then presiding, affirmed the order of the magistrate This appeal is from the order of Judge Sease.

Paragraph 19 of Section 274 of the 1932 Code provides as follows:

"Magistrates shall have the power to change the venue in all cases, civil and criminal, pending before them. * * * Whenever either party in a civil case, or the prosecutor or accused in a criminal case, which is to be tried before a magistrate, shall file with the magistrate issuing the paper an af-

fidavit to the effect that he does not believe he can obtain a fair trial before the magistrate, the papers shall be turned over to the nearest magistrate not disqualified· from hearing said cause in the county, who shall proceed to try the case as if he had issued the papers: Provided, such affidavit· shall set forth the grounds of such belief, and in civil cases two days' notice of the application for change of venue shall be given to the adverse party. One such transfer only shall be allowed each party in any case."

This Court has construed this section of the Code to require a strict compliance in order to make a change of venue mandatory. The affidavit must set forth more than a mere opinion; it must set forth substantial grounds for a belief that the party cannot obtain a fair trial. The facts must be stated in such a manner in the affidavit that the statement, if false, would constitute a basis for an indictment for perjury. And if the affidavit be sufficient, and if all of the terms of the Code section be strictly complied with, it is then mandatory upon the magistrate to grant the change of venue. *Mayes v. Evans,* 80 S. C., 362, 61 S. E., 216, 657; *State v. Conkle,* 64 S. C., 371, 42 S. E., 173; *Bacot v. Deas,* 67 S. C., 245, 248, 45 S. E., 171; *Witte v. Cave,* 73 S. C., 15, 17, 52 S. E., 736.

The issue on this appeal narrows itself to the question as to whether the affidavit filed was sufficient. This affidavit was as follows:

"That ill-feeling has for some time existed and continues between this deponent and Magistrate William M. Reynolds, originating in angry words that passed between this deponent's father and former business associate, the late W. E. Brunson, deceased, and the said William M. Reynolds, growing out of dissatisfaction on the part of the Brunsons with reference to the manner in which the said William M. Reynolds, a practicing attorney, had handled certain legal matters about which the Brunsons had consulted him, and which they, therefore, withdrew from his hand. That before

the said incident they had on sundry occasions employed Mr. Reynolds' firm in connection with legal business, but since the aforesaid incident have not done so, nor has this deponent been back in the office of the said firm, and their business relations have been at an end. That for the aforesaid reasons this deponent does not believe he can obtain a fair trial of the cause herein before the said Magistrate."

It seems to us that the affidavit was sufficient and that a change of venue should have been granted.

In thus holding we disclaim the slightest criticism of the magistrate, Honorable William M. Reynolds. He enjoys a reputation at the bar of this State which is above question.

We simply hold that under the authorities, in order that our Courts should be surrounded by an atmosphere of unquestioned impartiality, it is our opinion that the affidavit is sufficient and that the change of venue should have been granted.

The order appealed from is therefore reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.