### SPEARS v. FIELDS.

1. CHATTEL MORTGAGES—PAYMENT.—TENDER of amount due on a chattel mortgage coupled with demand of surrender of note and mortgage is not a conditional tender, but mortgagee should be allowed a reasonable time to produce them.

2. IBID.—CLAIM AND DELIVERY—DAMAGES.—In action in claim and delivery by mortgagee against mortgagor on past due debt secured by the mortgage, mortgagor cannot set up damages, not ordinarily arising out of the transaction, resulting from failure of mortgagee to perform the conditions of the mortgage so as to defeat the amount due unless he shows that mortgagee had notice of his peculiar conditions giving rise to the damages.

Before GARY, J., Darlington, November, 1903.   Affirmed.

Action by C. M. Spears against W. D. Fields.   From Circuit order reversing judgment of magistrate court, defendant appeals.

*Mr. George W. Brown,* for appellant, cites: *Tender was good:* Code, 1902, 3006; 26 S. C., 337; 16 S. C., 427. *Failure to perform conditions is failure of consideration:* 3 Hill, 588; Bish. on Con., secs. 674, 676, 689, 690, 691, 695, 703; 1 Hill, 289; 2 Par. on Con., 808, 812, 815, 816; 8 Rich., 437; 1 Par. on Con., 493. *Written contract may be rescinded orally:* Bish. on Con., sec. 508; 1 S. C., 277; 5 Rich., 467; Chitty on Con., 741; 2 Strob. Eq., 17; 1 Par. on Con., 492.

*Messrs. Spears & Dennis,* contra, cite: *Partial failure of consideration is only defense pro tanto:* 4 Ency., 195; 6 Ency., 788, 791; Story on Bills of Exchange, 215, 220, 211. *No evidence to show amount tendered, and it must fail:* 28 Ency., 4, 17, 18; 39 S. C., 1. *Defense for damages could*

*not be set up:* 15 S. C., 458; 30 S. C., 167; 40 S. C., 529; 60 S. C., 103; 54 S. C., 400; 45 S. C., 111.

October 7, 1905. The opinion of the Court was delivered by

Mr. Justice Woods. The defendant gave to the plaintiff a chattel mortgage of a horse to secure agricultural advances for the year 1902 to the amount of fifty dollars. Only $20.67 was advanced for the reason, as defendant alleges, that the plaintiff did not have in his store and could not furnish fertilizers and other staple supplies. After the time fixed for the payment of the advances, the plaintiff brought this action of claim and delivery to obtain possession of the mortgaged property. The defendant set up two defenses: (1) tender of the sum advanced, $20.67, and (2) damages due to his having to leave uncultivated ten acres of land, which he had rented at $2.50 per acre, and to loss of time in trying to make other arrangements for advances. The judgment of the magistrate in favor of the defendant was reversed by the Circuit Court. The question of law made by the appeal is whether there was error of law in not sustaining the defenses set up.

The finding of fact by the Circuit Court that the tender was conditional is not reviewable by this Court. We may remark, however, that it is admitted the defendant demanded immediate delivery of the note and mortgage as a condition of the tender; the mortgage was then in the clerk's office, but was subsequently procured and offered to the defendant, who objected that the note was not also offered; upon plaintiff's agent proposing to procure and surrender the note also, defendant replied it would be useless, as he would not pay. The defendant had a right on tender of the amount due to demand surrender of the note and mortgage, but the plaintiff could not be denied reasonable opportunity to procure them, and when the defendant denied liability and gave notice he would not pay, it was not incum-

bent on the plaintiff to proceed further.   The exceptions as
to tender cannot be sustained.

In considering the question of damages, it is to be borne in
mind the defendant is not setting up the loss resulting from
having to leave a portion of his farm uncultivated as damages
for the "taking and holding" of the property allowed
2     by the statute in claim and delivery proceedings.
The claim rests on an entirely different foundation.
The plaintiff's right to the possession of the property de-
pends on his ability to prove that he held a chattel mortgage
and the defendant owed an overdue debt secured by it.   The
action will, therefore, be defeated if the defndant can show
there was really no debt.   He undertakes to do this by offer-
ing proof that although he received $20.67 under the mort-
gage, yet by reason of the plaintiff's refusal to carry out his
part of the mortgage contract he was damaged more than
$20.67.   The damages thus resulting are not set up as a
counter-claim, but as a defense to plaintiff's allegation of a
debt due under the mortgage.   Therefore, on this point the
case stands precisely as if the plaintiff had sued on the note
and mortgage to recover a money judgment, and the de-
fendant had denied the debt because it had been absorbed by
the damages inflicted by the plaintiff's failure to carry out his
part of the mortgage contract.   The inquiry then is whether
such damages as are here claimed are allowable on the issue
of debt or no debt.   It is not necessary to decide whether
they are too remote and, therefore, may not be deducted from
the debt, because aside from that point, there is nothing to
indicate they were to be anticipated when the contract was
made as a result of its breach in view of the peculiar situation
and circumstances of the defendant.   There is no evidence
whatever that the plaintiff knew the defendant had rented
land and was dependent on the advances he was to make to
cultivate it, or that plaintiff was acquainted with the peculiar
condition of defendant's agricultural interests in any respect,
or contracted with reference to defendant's special circum-
stances.   This being so, the damages arising from plaintiff's

alleged breach of contract due to circumstances peculiar to the defendant are not recoverable, and, therefore, cannot be taken into consideration in determining whether the defendant owed a debt secured by the chattel mortgage. The following statement of the principle under which the case falls is taken from *Hadley* v. *Baxendale,* quoted with approval in *Sitton* v. *McDonald,* 25 S. C., 68, 71: "Damages which would not arise in the usual course of things from a breach of contract; but which do arise from circumstances peculiar to the special case, are not recoverable, unless the special circumstances are known to the person who has broken the contract." *Colvin* v. *Oil Company,* 66 S. C., 61, 44 S. E., 380; *Hays* v. *Telegraph Co.,* 70 S. C., 16.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*