## MILHOUS v. SOUTHERN RAILWAY.

1. EVIDENCE—MENTAL ANGUISH—PLEADINGS.—In response to allegations "plaintiff was insulted," "his feelings injured," "he was greatly annoyed," "suffered much pain, annoyance and inconvenience," plaintiff may testify to mental distress and worry suffered by reason of failure to stop train for him, even if the allegations are irrelevant.

2. EVIDENCE.—Appellant cannot complain of evidence in reply to testimony introduced by him in chief on an issue not raised by pleadings.

Before JAS. F. IZLAR, Special Judge, Lexington, February, 1905. Affirmed.

Action by John A. Milhous against Southern Railway Company. From judgment for plaintiff, defendant appeals.

*Mr. E. M. Thompson,* for appellant, cites: *Evidence as to mental anguish was not admissible here:* Thomp. on Neg., sec. 3288; 57 S. C., 330; 32 S. C., 592. *Evidence as to defective headlight improperly admitted, because not raised by pleadings:* 45 S. C., 282. *As to charge on the facts:* 47 S. C., 522; 61 S. C., 563; 51 S. C., 460.

*Messrs. Andrew Crawford and G. T. Graham,* contra, cite: *Evidence as to annoyance and inconvenience properly admitted:* 52 S. C., 440; 5 Ency., 706; 12 A. & E. R. R. Cas. (N. S.), 125; 14 Id., 256. *Charge not on facts:* 70 S. C., 191; 72 S. C., 563; 63 S. C., 576; 16 S. C., 630; 47 S. C., 521; 25 S. C., 141; 57 S. C., 254; 38 S. C., 31; 37 S. C., 453; 58 S. C., 380; 70 S. C., 492; 37 S. C., 455; 59 S. C., 253; 55 S. C., 583; 21 S. C., 400; 22 S. C., 194; 17 S. C., 138; 23 S. C., 203; 24 S. C., 132; 72 S. C., 45, 424; 75 S. C., 77.

April 4, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. In this action plaintiff sought to recover of defendant $2,000 damages for the negligent, reckless, wanton and wilful conduct of the servants and agents of the defendant in failing to stop its train on signal at Perry, S. C., a flag station on defendant's line of railroad between Columbia, S. C., and Savannah, Ga., on the morning of the 8th of February, 1904, whereby plaintiff, having purchased a ticket from Perry to Columbia, intending to become a passenger on defendant's early morning train to Columbia, alleged that he was greatly annoyed, delayed and inconvenienced in reaching Columbia, was delayed from twenty-four to thirty-six hours in Columbia, during all which time he suffered much pain, annoyance and inconvenience, and was subjected to considerable pecuniary expense. The first trial resulted in a judgment for plaintiff in the sum of $500, which was reversed on appeal to this Court. 72 S. C., 442. On the second trial the jury returned a verdict in favor of the plaintiff for $700, but upon the order of the Circuit Court granting a new trial *nisi*, plaintiff remitted $200 of the verdict and entered judgment for $500 and costs, from which defendant appeals.

The first exception alleges error in allowing plaintiff to testify as to the mental distress and worry he suffered by reason of the failure of the train in question to stop for him. The testimony admitted was responsive to the allegations in the complaint that plaintiff "was insulted, his feelings injured" and that "he was greatly annoyed" and "suffered much pain, annoyance and inconvenience." It is not error of law to admit testimony in support of allegations, though irrelevant, when they are allowed to remain in the complaint. *Martin* v. *Ry.*, 70 S. C., 8, 48 S. E., 616; *Milhous* v. *Ry.*, 72 S. C., 442.

The second exception assigns error "in allowing defendant's witness, J. E. McDaniel, to testify, on cross-examination, over the objection of defendant's counsel, as to whether it was the best of headlights that he used on the engine, and, as compared with others, whether

it was not inferior; there being no allegation in the complaint to which such testimony was responsive, a foreign issue was thereby injected into the case to defendant's prejudice." The testimony admitted was in reply to evidence given by defendant's witness in his examination in chief, and defendant cannot complain that the testimony was prejudicial.

The remaining exceptions quote certain extracts from the charge and assign as error that they were in violation of the Constitution forbidding charge to jury in respect to matters of fact. We have carefully considered these portions of the charge and do not regard them as in violation of the rule stated in *Norris* v. *Clinkscales*, 47 S. C., 521, 25 S. E., 797, and the numerous cases on this subject permitting a hypothetical statement of facts.

The judgment of the Circuit Court is affirmed.