6962

## McNEILL v. CONYERS.

1. AGRICULTURAL LIEN—CONTRACTS.—Under an agricultural lien and chattel mortgage providing for advances to lienor to the amount of $140 from time to time during the year to enable lienor to make a crop, the amount and kind to be at the option of the lienee, the lienee could not arbitrarily stop whenever he deemed proper, but must advance to the specified amount, if so much were necessary to enable lienor to make the crop.

2. IBID.—IBID.—IBID.—A lienor and mortgagor cannot be relieved of liability for advances in part of the maximum amount specified in his lien and mortgage, because the lienee declined to advance more, where there is no proof of damages to lienor's crop by reason of failure to advance more, and no proof that such damages were in the contemplation of the parties and no proof that lienor had suffered damages by reason of such breach.

MR. JUSTICE GARY *dissents.*

Before KLUGH, J., Clarendon, July, 1907. Reversed.

Action by J. T. McNeill against Preston Conyers. From Circuit order affirming judgment of Magistrate J. S. Sellers, plaintiff appeals.

*Messrs. L. D. Jennings* and *J. A. Weinberg,* for appellant.

*Mr. J. H. Lesesne,* contra, cites: *An agricultural lien is but a contract and should be so construe:d* 39 S. W., 3; 108 Fed., 171.

July 16, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff advanced to the defendant $26.25, under an agricultural lien and chattel mortgage, dated 12th March, 1904, providing for the extension of credit by the plaintiff, in these words: "That the party of the first part agrees to make advances of money or supplies to the party of the second part, who is engaged in the cultivation of the soil on his own land, containing thirteen acres,

and four acres on Charlie Welch's, joining W. T. Beard and Charlie Welch's farm, in said county and State, from time to time during the current year to enable said party to make a crop thereon; said advances not to exceed the amount of one hundred and forty dollars, but the amount and kind thereof, whether in money or supplies, to be at the option of the party of the first part." The amount advanced not having been paid, the defendant, in May, 1905, instituted this action of claim and delivery in a magistrate's court for the mule and wagon described in the mortgage.

The answer set up as a defense damages suffered by the defendant from his failure to make a crop in 1904, because of the failure and refusal of plaintiff to advance the entire sum of one hundred and forty dollars mentioned in the mortgage. The verdict was for the defendant in the magistrate's court, and this appeal is from a judgment of affirmance in the Court of Common Pleas.

The cause depends on the refusal of the magistrate to charge two requests submitted on behalf of the plaintiff. The first of these was: "That the lien and mortgage put in evidence and marked Exhibit A, from its terms gave J. T. McNeill the right to make any amount of advances to Preston Conyers that he saw fit, not exceeding the sum of one hundred and forty dollars. That the paper did not bind J. T. McNeill to make advances to the amount of one hundred and forty dollars, but the amount and kind, whether in money or supplies, was at the option of the said J. T. McNeill. In other words, McNeill had the right to advance one dollar or one hundred and forty dollars, just as he saw fit."

The amount and kind of advances, it is true, were to be at the option of the mortgagee, but he contracted to make the advances "to enable" the mortgagor "to make a crop." The contract, therefore, manifestly did not contemplate that the option as to the amount and kind of advances could be arbitrarily exercised. Clearly, it was not intended that the mortgagee, in the exercise of his option as to the kind of

supplies to be advanced, could require the mortgagor to take the entire one hundred and forty dollars in meat or corn, without regard to the mortgagor's need for these articles in making the crop. It is equally clear he could not arbitrarily exercise his option as to the amount and refuse to advance more than one dollar, for the option is the same as to kind and amount.

As long as the advances, therefore, were reasonably necessary to the making of the crop, and to that end were being so used, faithfully and in the exercise of diligence and care, the mortgagee was bound to continue his advances to the amount specified in the contract. Whenever, from the negligence or misconduct of the mortgagor, or any other cause, the advances would no longer be promotive of the making of the crop, then the mortgagee could stop, because the advances would no longer "enable" the mortgagor to make a crop.

The last sentence of the first request imported a right in the mortgagor to exercise an arbitrary option as to the amount of the advances, and was, therefore, properly refused.

We think the magistrate was in error in refusing the second request, which was as follows: "That if they find from the evidence that the plaintiff made any advances under the lien on crop and mortgage offered in evidence, and that such advances, or any portion thereof have not been paid, then the plaintiff would have the right to maintain this action for the possession of all or any of the property described in said lien and mortgage; and if the jury find from the evidence in this case that the mule and wagon that are the subject of this suit, are the same described in said lien and mortgage, then they must find for the plaintiff, if the jury find that there is anything due on said mortgage."

There was not a particle of evidence that the plaintiff had notice the defendant could not get from some other source the fertilizer needed, or that he did not actually get the

advances, or that his crop was less by reason of the defendant's failure to make the advances, or that he suffered any damage whatever from any breach of the contract. The case is even stronger against the defendant than *Spears* v. *Fields,* 72 S. C., 397, 52 S. E., 44, for there evidence of damage sustained by the defendant was introduced. In that case the Court, in an opinion concurred in by all the Justices, said: "There is no evidence whatever that the plaintiff knew the defendant had rented land and was dependent on the advances he was to make to cultivate it, or that plaintiff was acquainted with the peculiar condition of defendant's agricultural interests in any respect, or contracted with reference to defendant's special circumstances. This being so, the damages arising from plaintiff's alleged breach of contract due to circumstances peculiar to the defendant are not recoverable, and, therefore, cannot be taken into consideration in determining whether the defendant owed a debt secured by the chattel mortgage."

In this case, the judgment below rests on the proposition that the defendant can escape any liability for advances actually made to him and enjoyed by him under a chattel mortgage, because the plaintiff failed to furnish all he promised, though there is no proof that the damages, set up as a defense, were in the contemplation of the parties when the mortgage was given, or at any time; and though there is no proof that the damages alleged, or any other damages, were suffered by the defendant from the breach. The principle is thus plainly and tersely stated in *Graves* v. *Legg,* 2 C. L. R., 1266, quoted in 9 Cyc., 651: "Where a person has received part of the consideration for which he entered into the agreement, it would be unjust, that because he had not the whole, he should, therefore, be permitted to enjoy that part without either payment or doing anything for it." *Leonard* v. *Dyer* (Con.), 68 Am. Dec., 382; *Lunn* v. *Gage* (Ill.), 87 Am. Dec., 233.

The judgment of the Circuit Court is reversed.

MR. JUSTICE GARY, *dissenting.* This action was commenced before a magistrate, in claim and delivery, for the possession of a mule and wagon.

The defendant answered the complaint, alleging that he and the plaintiff, in 1904, entered into a contract, whereby the plaintiff agreed to advance to him the sum of one hundred and forty dollars in supplies to be used in the cultivation of his crop during said year.

That the plaintiff refused to make the said advances, and thereby violated the contract, whereby the defendant suffered damages in the sum of one hundred dollars.

The testimony shows that it was provided in the contract that the plaintiff was to have a lien on the defendant's crops raised that year, and also a mortgage on the property in dispute; that on the 12th of March (the day on which the contract was executed), the plaintiff made advances to the defendant, to the amount of $26.25; that he made no other advances, but, on the 21st day of May thereafter, wrote to the defendant as follows: "I can not get you the fertilizer, also cannot furnish you, so you will please not depend on me."

The jury rendered a verdict in favor of the defendant, and the plaintiff appealed to the Circuit Court, which, upon hearing the exceptions, dismissed the appeal and affirmed the judgment of the magistrate; whereupon the plaintiff appealed to this Court.

The record fails to disclose the fact that the magistrate made any rulings whatever upon the requests to charge, as alleged in the exceptions.

The rule is well settled that statements of fact appearing alone in the exceptions can not be considered by this Court.

The respondent's attorney, however, has discussed two questions arising out of the requests to charge, which were presented by the plaintiff. We will, therefore, not decline to consider them.

The first request was as follows: "That the lien and mortgage put in evidence and marked exhibit A, from its terms

gave J. T. McNeill the right to make any amount of advances to Preston Conyers that he saw fit, not exceeding the sum of one hundred and forty dollars. That the paper did not bind J. T. McNeill to make advances to the amount of one hundred and forty dollars, but the amount and kind, whether in money or supplies, was at the option of the said J. T. McNeill. In other words, McNeill had the right to advance one dollar or one hundred and forty dollars, just as he saw fit."

The part of the agreement which is material in considering this question is as follows:

"That the party of the first part agrees to make advances of money or supplies to the party of the second part, who is engaged in the cultivation of the soil on his own land, containing thirteen acres, and four acres on Charlie Welch's, joining W. T. Beard and Charlie Welch's farm, in said county and State, from time to time during the current year, to enable said party to make a crop thereon; said advances not to exceed the sum of one hundred and forty dollars, but the amount and kind thereof, whether in money or supplies, to be at the option of the party of the first part."

The contract must be construed, if possible, so as to make effectual the objects which the parties had in view, to wit: (1) to enable the lienee to make a crop during the year on his land; and (2) to secure to the lienor payment for advances made by him.

The words, "said advances not to exceed the sum of one hundred and forty dollars," were intended to impose upon the lienor an obligation to make advances to the amount of $140 (if so much was necessary to enable the lienee to make the crop).

If these words were not inserted in the lien for the purpose of specifying the amount of advances to be made by the lienor, then there was a failure to comply with the requirements of section 3059, Code of Laws, which provides that "an agreement in writing shall be entered into before such advances are made to this effect, in which shall be specified

the amount to be advanced, or in which a limit shall be fixed, beyond which the advances, if made from time to time during the year, shall not go."

The words, "the amount and kind thereof, to be at the option of the party of the first part," do not mean that he had the right to advance one dollar or one hundred and forty dollars, as contended by the appellant; but they were intended to confer upon the lienor the option of advancing the one hundred and forty dollars, or so much as was necessary, in such amounts and of such kind, as he saw fit. Section 3059, Code of Laws.

This discretionary right, however, was not to be exercised capriciously, nor for the purpose of defeating the objects of the contract.

The exception raising this question should be overruled.

The second request was as follows: "That if they find from the evidence that the plaintiff made any advances under the lien on crop and mortgage offered in evidence, and that such advances, or any portion thereof, have not been paid, then the plaintiff would have a right to maintain this action for the possession of all or any of the property described in said lien and mortgage; and if the jury find from the evidence in this case that the mule and wagon that are the subject of this suit, are the same described in said lien and mortgage, then they must find for the plaintiff, if the jury find that there is anything due on said mortgage."

This request ignored the defense set up in the answer and the testimony introduced in support thereof.

Having allowed these allegations to remain in the pleadings, and having failed even to make a motion to exclude the testimony offered in support thereof, the appellant can not insist, as matter of right, upon a charge which ignored both the pleadings and the testimony. *Martin* v. *Ry.*, 70 S. C., 8, 48 S. E., 616; *Milhous* v. *Ry.*, 72 S. C., 442, 52 S. E., 41; *Milhous* v. *Ry.*, 76 S. C., 492, 57 S. E., 474.

The exception presenting this question should also be overruled.

The question upon which the majority of the Court has reversed the judgment of the Circuit Court was not made an issue before the magistrate, nor is it presented by the exceptions.

For these reasons I dissent.