## 7468

### SPARKS v. GREEN.

1. EVIDENCE—TENDER.—In this case it was error not to permit evidence as to whether anything was due on the bill of sale on a wagon, as it was necessary for the jury to consider this debt on the issue of what papers were demanded on tender of amount claimed to be due on the other papers.

2. IBID.—PAROL.—It was also error to exclude parol evidence to the effect that the bill of sale on the horses was not a mere collateral to the agricultural lien debt, but was intended to secure the account generally to a certain amount.

3. ACCOUNTING—COUNTERCLAIM.—If defendant's agricultural lien and bill of sale were discharged by the tender he had nothing but an open account against plaintiff, and had no defense to plaintiff's action in claim and delivery and could set up no counterclaim thereto.

Before JAMES F. IZLAR, Special Judge, Marlboro, November term, 1905. Reversed.

Action by W. A. Sparks against J. B. Green and John R. Townsend. From judgment for plaintiff, defendants appeal.

*Messrs. Townsend & Rogers* and *Stevenson, Matheson & Stevenson,* for appellants. The latter cite: *Was there a legal tender of the debt due?* 2 Bail., 274; 1 N. & McC., 193; 15 Rich, 321. *Counterclaim should have been admitted:* 69 S. C., 198.

*Messrs. Livingston & Muller,* contra, cite: *Counterclaim not proper:* 69 S. C., 198; 15 S. C., 458; 30 S. C., 167; 54 S. C., 400; 45 S. C., 115.

March 4, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This case has been tried many times, and it is unfortunate that the litigation should be

further prolonged, but a new trial cannot be refused without violating the rules of law and disregarding the rights . of the defendants.

The detailed statement of the history of the litigation was made in the former appeals, 50 S. C., 382, 27 S. E., 801, and 69 S. C., 198, 48 S. E., 61. A very brief statement will make clear the point now before the Court. The defendant, Townsend, held two agricultural liens for the year 1896 on the crop of the plaintiff, Sparks, aggregating in amount $700.00, and he also held bills of sale given to him by Sparks on two horses for $600.00, and on a wagon for $20.40. The defendant, Townsend, advanced to the plaintiff $877.84, exclusive of the debt of $20.40 covered by the bill of sale of the wagon. The plaintiff paid $380.15, leaving a balance due on the account of $497.69. Townsend procured a warrant for the foreclosure of the liens, which was lodged with the sheriff. At the same time Townsend lodged with the sheriff as his agent the bills of sale of the horses and wagon. Immediately after the seizure of the crop and the horses and wagon, the plaintiff tendered to the sheriff, and also to Townsend, $325.00 and the costs of seizure.

Thereafter the proceedings to foreclose the liens were set aside because of a failure to file the affidavit in accordance with the statute. 50 S. C., 382. The plaintiff, Sparks, on the 30th of October, 1896, brought this action against Townsend and Green, the sheriff, to recover the possession of the crop and the horses seized, with damages for their detention. Afterwards the defendant, Townsend, instituted new proceedings to foreclose the liens.

The issue on which the case depended was whether the tender made by the plaintiff, Sparks, before the second foreclosure was effectual to destroy the lien of the bill of sale of the horses and the agricultural liens. The contention of the plaintiff was that the amount tendered covered the entire debt secured by the agri-

cultural liens, and the bill of sale of the horses; and he tes-
tified that in making the tender he made no demand except
for the delivery of those papers.   The defendants, on the
other hand, testified that the sheriff, having in his hands
besides these papers the bill of sale of the wagon, had
seized the wagon thereunder, and that the tender was accom-
panied by a demand for the surrender of all the papers,
including the bill of sale of the wagon.   If the plaintiff
really tendered all that was due on the papers which he
demanded, he had a right to demand the return of such
papers. *Salinas* v. *Ellis,* 26 S. C., 337, 2 S. E., 121; *Spears*
v. *Fields,* 72 S. C., 395, 52 S. E., 44.   But if the tender
was made of an amount sufficient to pay the remainder on
the agricultural liens and the bill of sale of the horses, with
a demand that the bill of sale of the wagon, which secured
another debt, should be surrendered along with the other
papers, then it was not a good tender, and all the papers
remained unaffected by it.   *Baker* v. *Gasque,* 3 Strob., 25;
28 A. & E. Enc. Law, pp. 17, 19.

This being the issue, the Court was in error in stopping
counsel for defendant in his inquiry as to whether any-
thing had been paid on the wagon, saying, "The wagon is
out of the case.  They don't sue for the wagon."   While
it was true that there was no suit for the wagon, it was
absolutely necessary for the jury to take into considera-
tion the bill of sale on the wagon in deciding whether a
a good tender had been made.

The Circuit Court was also in error in withdrawing from
the jury the consideration of the amount due on the bill
of sale of the horses, by excluding evidence on that sub-
ject.  This bill of sale was absolute on its face, and it was
competent to show by parol that it was taken as a
security, and the amount it was to secure. *Lee* v.
*Lee,* 11 Rich. Eq., 574; *Brownlee* v. *Martin,* 21
S. C., 392.   In this inquiry was included the more specific
question whether it was taken to secure the same advances

as the agricultural liens.   If intended to secure advances generally to the amount of $600.00, then the credits would be applied to the portion of the account not secured by the bill of sale, leaving it intact as a security for the entire balance of $497.69 due on the account.  *Bell* v. *Bell,* 20 S. C., 34; *Pelzer, Rodgers & Co.* v. *Steadman,* 22 S. C., 279; *Frost* v. *Weathersbee,* 23 S. C., 354; *Baum* v. *Trantham,* 42 S. C., 104, 19 S. E., 943; *Wardlaw* v. *Troy Oil Mill,* 74 S. C., 368, 54 S. E., 658.   If this was the case, then the tender of $325.00 was obviously inadequate.   It was, therefore, the right of the defendants to introduce evidence tending to show that the bill of sale of the horses was not a mere collateral to the agricultural liens, but intended to secure the account generally to the amount of $600.00.

There was no error in ruling out the counterclaim    If the defendant's agricultural liens and bill of sale of the horses were discharged by the tender before the property was seized under valid proceedings to foreclose, he would have nothing but an ordinary account against the plaintiff, and upon that he could base no legal nor equitable right to seize or hold the property, and could have no defense to the plaintiff's action to recover.

If, after the first seizure had been set aside for irregularity, the plaintiff had brought his action to recover the property on the sole ground of the irregularity of the proceedings, there is a strong ground to say that the defendants might have set up the amount due under the liens and the bill of sale as counterclaims; for it would not have been equitable to allow the plaintiff to recover the property free from these liens while they were still unpaid.  That is what was meant in the expressions of the Court on the subject of counterclaims in the former appeal.   But that is not the question here, for the plaintiff practically admits that he must fail in his action unless the lien of the bill of sale of the horses and the agricultural liens have been discharged

by tender of the amount due, and hence there is no place for a counterclaim.

The other exceptions are all subsidiary, and turn on those already discussed.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the cause be remanded to that Court for a new trial.