8045

WILKINS & BROWN v. CURRY.

CLAIM AND DELIVERY—COUNTERCLAIM.—Paragraphs of an answer in claim and delivery by chattel mortgagee against mortgagor after alleged breach of condition which do not set up a counterclaim strictly, but matters which if established would constitute payment or discharge of the mortgage debt and defeat a recovery, should not be stricken out on demurrer.

Before WILSON, J., Cherokee, March, 1911. Reversed.

Action by Wilkins & Brown against J. H. Curry. Defendant appeals.

*Messrs. Butler & Hall,* for appellant, cite: *Demurrer not stating grounds should not be considered:* 61 S. C. 448; 74 S. C. 298.    *Answer sets up a defense and not a strict counterclaim:* 72 S. C. 396.   *The act of 1909, p. 161, changes the rule as to counterclaims in actions of claim and delivery. Taking back the mule estops plaintiff from bringing this action:* 45 S. C. 512.

*Messrs. Otts & Dobson,* contra, cite: *Not necessary to plead all reasons in demurrer:* Code of Proc. 1902, 165; sub. sec. 6; 77 S. C. 71; 61 S. C. 448; 5 N. Y. App. 359; 2 Waits Pr. 453; 24 Stat. 130.    *Counterclaim not permissible in such action:* Pom. Code R. 767; 15 S. C. 461; 30 S. C. 130; 54 S. C. 404; 26 Stat. 50, 161.

November 25, 1911.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.  This is an action to recover possession of personal property, and the appeal is from an order of Judge Wilson sustaining a demurrer of plaintiff to certain parts of defendant's answer.

The complaint alleged that on February 14, 1910, defendant executed to plaintiff a promissory note for $385, payable six months thereafter, and to secure same executed a chattel mortgage on two mules described; that on June 23, 1910, defendant paid plaintiffs $150, and on August 18, 1910, $98.25, which had been duly credited on the note; that the condition of the mortgage has been broken, and that plaintiffs are entitled to the possession of one of the mules described and alleged to be of the value of $166.70, and demands possession with damages.

The answer, after admitting the execution of the note and chattel mortgage, the payment of $98.25, and refusal to surrender the mule, denied the other allegation of the complaint, and as a further defense alleged the following matters as to which demurrer was sustained on the ground ·

that they do not state facts sufficient to constitute a counter-claim or defense:

3. "That on or about March 10, 1910, the defendant purchased from the plaintiff a pair of mules at the agreed price of six hundred dollars, each of said mules being valued at $300.00; that defendant exchanged therefor his own mule at the agreed price of two hundred and fifteen dollars, which left a balance of $385.00, for which the note and mortgage was executed, as set out in the complaint.

4. "That at the time of said purchase and as a part of the transaction, the plaintiff guaranteed and warranted said pair of mules as being sound and all right, and the plaintiff agreed with the defendant that if said mules were not as represented and guaranteed and warranted as aforesaid, that the defendant should return said mules or either of them, and would not have to pay for same.

5. "That one of the said mules was distempered and wind-broken, which was known to the plaintiff, which defects were covered expressly by the aforesaid warranty and guaranty, which defect rendered said mule unfit for ordinary work, and made it wholly unsuitable for use, so that the defendant was much hindered and delayed in his work and complained to the plaintiff, whereupon the plaintiff himself came to Gaffney and inspected said mule, and admitted that said mule was wind-broken, and promised to make good the defendant's damage. Defendant, thereupon, elected to rely on the contract made with the plaintiff, and pursuant thereto, returned said defective mule to the plaintiff, who, as defendant is informed and believes, received said mule and thereafter disposed of the same in some way.

6. "That by reason of the foregoing facts, the defendant owes plaintiff nothing on the mule so returned and accepted by the plaintiff.

7. "Further answering, and as further defense, the defendant alleges: That after the return of the mule as above stated the defendant paid to the plaintiff the sum

of $98.25, which was the balance due to the plaintiff
on the mule retained by the defendant, including interest up
to the date of the payment made on August 18, 1910, so that
the mule retained, and which is the mule seized in this
action by the plaintiff, has been fully paid for, and there is
nothing due thereon by the defendant to the plaintiff.

"Further answering, the defendant alleges:

8. "That on account of the breach of the plaintiff's war-
ranty and guaranty, and the defective condition of the mule,
the defendant was caused much loss of time and labor, los-
ing the hire of the team of mules for a period of seven days
at $3.00 per day, making a loss to defendant of $21.00; also
on said account, defendant was forced to spend money
going to Spartanburg to purchase another mule in the place
of the defective mule as aforesaid, at an expense of six dol-
lars, all which the defendant pleads as a counterclaim to the
amount claimed by the plaintiff."

We think the Court was clearly in error. With reference
to the third, fourth, fifth, sixth and seventh paragraphs of
the answer above quoted it may be said that they do not
undertake to set up a counterclaim strictly, but matters
which, if established as true, would constitute payment or
discharge of the mortgage debt and defeat recovery, because
it is essential to plaintiffs' recovery that they establish a
mortgage debt which remains due on breach of the condition
of the mortgage. No debt, no mortgage. *Spears* v. *Fields,*
72 S. C. 397, 52 S. E. 44.

It is unnecessary to consider whether there was error in
sustaining the demurrer as to paragraph eight of the answer
purporting to set up a counterclaim, as an examination of
the exceptions fail to disclose any specification of error with
respect to that paragraph, beyond the general contention
that the answer held demurrable was sufficient to show pay-
ment or discharge of the mortgage debt.

After the submission of the case to this Court notice of
a motion was given to stay action until points and authori-

ties could be filed for the purpose of sustaining the order of the Circuit Court on the ground that the act of 1909, 26 Stat. 161, relates to actions for recovery of personal property and not to actions in claim and delivery under section 227, Code of Civil Procedure. The act of February 25, 1909, provides:

"In every action for the recovery of personal property which has been pledged in any way to secure credit or debt, the defendant may plead his counterclaim arising out of the same transaction, and the jury in such case may find, in addition to the verdicts now provided by law, the amount due the plaintiff, if any; and in such case the defendant shall have the right to pay said amount and costs and the property shall thereafter be free from the encumbrance."

Since under the view we take it is unnecessary to consider the appeal as it may be affected by the act quoted, we do not deem it proper to delay the decision for the motion.

The judgment of the Circuit Court is reversed.