### 8661

### RIGBY v. GAYMON.

STATUTE OF FRAUDS—CHATTEL MORTGAGES.—Where one executes to a merchant an agricultural lien and chattel mortgage to secure advances of money or goods to be used in making a crop and he informs mortgagee that he wants thereunder certain articles of more than $50 value and the mortgagee enters them on his books, but the memoranda is not signed by the mortgagor nor goods accepted by him, the statute of frauds applies.

*McNeill v. Conyers, 80 S. C., 571, distinguished from this case.*

Before ERNEST GARY, J., Clarendon, February, 1913. Reversed.

Action by J. H. Rigby against David Gaymon. Defendant appeals.

*Messrs. A. Levi* and *Charlton DuRant,* for appellant, cite: 36 S. C. 70.

*Messrs. Davis & Wineberg,* contra, cite: 80 S. C. 570; 57 S. C. 576.

October 6, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This was an action of claim and delivery to recover the possession of certain chattels, which

plaintiff claimed under a chattel mortgage given him by defendant on January 19, 1911. The contract under which plaintiff claimed the right to recover was a combined agricultural lien and chattel mortgage. It was under seal, and was duly executed by both parties. It recited that Gaymon desired Rigby to make advances during the year to enable him to make a crop; that such advances were to be made from time to time during the year, and the amount and kind thereof, whether in money or supplies, or both, was to be entirely at the option of Rigby; that they should not exceed $164.50; that the amount should become due on October 1, 1911, and that Gaymon should use them to make the crop. The instrument expressed that it was given "to secure the payment of all such sums of money" as Gaymon "may owe" Rigby "for advances made during the year under the terms set forth."

At the time the paper was executed, Gaymon owed Rigby nothing. On the day that it was executed, and after it was executed, Gaymon told Rigby he wanted three tons of guano and eight sacks of soda, of the value of $149.50 and $15 worth of other supplies. Rigby put this down on his books, but the entry was not signed by Gaymon. About the first of March, Rigby ordered the fertilizer shipped from Charleston to Silver, Gaymon's nearest station, in a car consigned to Rigby. For alleged reasons, which need not be mentioned, Gaymon refused to accept or receive the fertilizer, or any part thereof, and never got any supplies from Rigby at all. Under the instructions of the Court, plaintiff had a verdict and judgment for the property.

The sole question presented by the appeal is, whether plaintiff's account for the fertilizer was within the statute of frauds, which was set up as a defense. We think it was. Leaving out of consideration, for the moment, the written agreement, the contract for the sale of the fertilizer was clearly within the statute. The question for secondary consideration, then, is whether the written agreement was suffi-

cient to take the sale out of the statute, for that is the only ground upon which it is contended that the sale is not within the statute. We do not see how the agreement can be allowed to have that effect, because the rule is well settled that a writing is not sufficient to take a sale out of the statute, unless it contains all the essential elements of the conract. *Louisville Co.* v. *Lorick,* 29 S. C. 533, 8 S. E. 8, 2 R. L. A. 212n. Here the writing does not specify the kind, or quality, or quantity, or the price of the advances to be made. Therefore, it was incumbent on plaintiff to prove each sale made to the defendant, under the contract. If he had advanced supplies in items under $50 in value, he would have had to prove each item of the account according to the rules of evidence, just as if the written contract had not been made. So, when he undertook to prove the item in question, it was incumbent upon him to do so according to law and the rules of evidence; but he was met, in the attempt, by the statute, which says that, as to this item, the contract was not good, because no note or memorandum in writing of the bargain was made and signed by the party to be charged by the contract. *Smith* v. *Evans,* 36 S. C. 69, 15 S. E. 344.

Respondent relies upon certain remarks of the Court in *McNeill* v. *Conyers,* 80 S. C. 571, 61 S. E. 1068, in which plaintiff was allowed to recover property sued for under a similar contract. In that case, however, the whole amount advanced was only $26.25, and there was no dispute as to the account, the items of which had been accepted and received by the defendant. Therefore, the application of the statute of frauds was not an issue in that case.

Reversed.