8923

## STATE v. BARNETT.

### (82 S. E. 795.)

CRIMINAL LAW AND PROCEDURE. CHANGE OF VENUE. AFFIDAVITS. TRIAL. CONTINUANCE. APPEAL AND ERROR. CONTEMPT. ATTORNEYS. JURY FEES. SENTENCE. MAGISTRATE. BREACH OF TRUST.

1. An affidavit to obtain a change of venue, must state the facts relied upon as ground of motion, and, if, upon information and belief, also the sources of information and grounds of belief, with such definiteness, particularity and certainty, as would afford the basis of an indictment for perjury, if the affidavit be false, and would enable the Court to determine their sufficiency.

2. Rulings of a magistrate on a former trial, reviewable on appeal, do not afford basis for motion to obtain a change of venue on the ground of prejudice of the magistrate.

3. A continuance is properly refused when asked to obtain time to move for a writ of mandamus, to which the party is not entitled, because of his remedy by appeal.

4. There is no abuse of discretion in refusing continuance for absence of defendant's witnesses, he having had ample notice of trial, and simply relied on his belief, in which he was mistaken, that change of venue would be granted.

5. Where a charge of contempt against a member of the bar involves his professional conduct, and charges a lack of respect on his part for constituted authority, the Court on appeal will review the charges, which are not speculative, although the sentence for contempt may have been served by the attorney charged.

6. An attorney filing an affidavit charging a magistrate with directing a constable to influence a juror, and with being prompted by malice and improper motives in his rulings, without stating the facts with such definiteness as would warrant the inference, if they were true, that the charge was well founded, is guilty of a contempt of Court.

7. A sentence by a magistrate of 24 hours imprisonment for a contempt of Court is excessive.

8. A refusal of a magistrate to accept an appeal bond and stay proceedings, on appeal from a judgment for contempt is error.

9. A defendant in a criminal case cannot be required to pay jury fees or costs on demanding a trial by jury, to which he is entitled under the Constitution.

10. It is improper for a magistrate to argue a cause on appeal, in support of the judgment rendered by him, and which should be considered upon the return made by him to the appellate tribunal.

11. It not appearing what contract existed between an attorney and client for the former's compensation, and it appearing that the

attorney had attended to other matters for the client, and when called upon for money collected, stated that the client was indebted to him for professional services to an amount as great as that which he had collected, and that as soon as he had collected the entire claim, he paid it to a ·third party for the client, and so notified the latter, a verdict of not guilty should have been directed on the charge against the attorney of breach of trust with fraudulent intent.

Before MOORE, J., Monck's Corner, March, 1914. Reversed.

The defendant, Nathan Barnett, being convicted in a magistrate's Court of a contempt of Court, and of a breach of trust with fraudulent intent, appealed to the Court of General Sessions for Berkeley county, which affirmed the judgment of the magistrate. From this judgment, he appeals. The facts are stated in the opinion.

*Mr. Nathan Barnett, in pro. per.,* for appellant.

*Mr. Solicitor Hildebrand* and *Mr. Edwards,* for respondent.

August 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In October, 1913, the prosecutor, D. Riff, a merchant of St. Stephens, employed defendant, who is an attorney at law, to collect certain claims, one of them being against a colored laborer, named Clark, for $10.37. Defendant saw Clark and agreed to accept monthly payments, until the claim was paid. On November 12, Clark paid defendant $6. On December 11, not being able to find defendant, he

FOOTNOTE.—As to contempt of Court by incorporating scandalous or disrespectful language in brief, see note in 9 Am. & Eng. Ann. Cases 168; in petition for change of venue, see 9 L. R. A. 566; attorney's statements in Court concerning decisions, 5 L. R. A. (N. S.) 916.

paid G. Rittenberg, a merchant of St. Stephens, $4 for defendant. About that time, defendant received for collection a claim against Riff, and, on his failure to pay it, sued him in the Court of Magistrate Wilder. The case was tried December 17, and judgment went against Riff. Immediately after the rendition of the verdict, Riff swore out a warrant before Magistrate Wilder for defendant charging him with breach of trust with fraudulent intent in the collection and misappropriation of the money due him by Clark. Thereafter, on motion of Riff, the venue was changed to Magistrate Edwards, on the ground that Magistrate Wilder was a material witness for the prosecution.

In the meantime, on December 30, Clark paid defendant 37 cents, the balance due by him to Riff, and exhibited to defendant Rittenberg's receipt for the $4 paid to him, explaining why he had paid the money to Rittenberg. On the same day, defendant, having collected the full amount due by Clark, left with John Klintworth, a merchant of St. Stephens, for Riff, the amount due him out of the Clark collection, with request that he notify Riff that he had the money for him, and that he could get it by calling for it. Defendant also requested Magistrate Wilder to notify Riff to the same effect. Riff was so notified, and called at the store of Klintworth the same day, but refused to take the money. Defendant left the money with Klintworth instead of paying it to Riff in person, because he and Riff were not on speaking terms, on account of his having sued Riff.

When defendant's case was called for trial, on January 20, he demanded a jury. The magistrate told him he would have to put up three dollars to pay the jurors. At first he refused, but, on being told by the magistrate that he must do so, he paid it, under protest. The result was a mistrial, the jury having failed to agree.

After the trial, defendant was informed by one of the jurors that the magistrate's constable, who had summoned him, had attempted, on the way to Court, to influence him

against defendant.    He was also informed that the constable had publicly declared that, at the next trial of defendant, he could get a jury, outside of St. Stephens, which would convict him in five minutes.    Thereupon defendant prepared an affidavit for a change of venue, and sent it to Magistrate Edwards, who replied by letter, dated February 7, that the motion would have to be made in open Court, at Bonneau, on February 10, at which said place and time the case was set for trial.    The record discloses no reason for changing the place of trial from St. Stephens to Bonneau.

On February 10 defendant appeared and presented his affidavit in support of his motion for a change of venue, wherein he affirmed that he believed Magistrate Edwards was biased and prejudiced against him, and that he did not believe that he could get a fair trial before him, for the following reasons:

"1st. That the said magistrate had expressed his opinion to several persons unfavorable to the defendants herein.

"2d. That under the direction of said magistrate, his official constable, while in charge of a juror, attempted to influence said juror against the defendant.

"3d. That said magistrate, contrary to law, refused to direct a verdict for the defendant herein, where all the evidence of the prosecution in the case failed to prove that a crime as charged in the indictment was committed, and that the defendant was guilty of the crime as charged or any other crime.

"4th. That said magistrate maliciously prevented the defendant from showing at the trial the real motive of the prosecutor for obtaining the warrant against the defendant and causing his arrest.

"5th. That said magistrate, at the trial of the case, unfairly admitted evidence that was irrelevant and immaterial to the issue, but which tended to confuse the jury and was prejudicial to the defendant, and thereby preventing the

jury from obtaining the real and true facts in the case, and thereby preventing the jury reaching a verdict in said case.

"6th. That the foreman and other members of the jury informed the defendant that the magistrate was very unfair and partial against the defendant and was biased against the defendant throughout the trial of the case.

"7th. That said magistrate, without any warrant of law and contrary to the express provisions of the Criminal Code, compelled the defendant herein to pay the sum of three dollars as a jury fee, thereby extorting from the defendant money against his will and against the laws of South Carolina.

"8th. The defendant is informed that the said magistrate has a personal motive in finding the defendant guilty of the alleged charge, although the defendant is innocent of the alleged criminal charge against him, and that there is no legal evidence to substantiate even a color of a criminal charge against the defendant herein."

As soon as the affidavit was read, the magistrate told defendant that he was in contempt of Court for presenting it, and imposed sentence therefor of imprisonment in jail for twenty-four hours, or the payment of a fine of twenty dollars, and overruled his motion for a change of venue.

Defendant then moved for a continuance, to give him time to apply to a Circuit Judge for a writ of mandamus to compel the change of venue, which was refused. He then moved for a continuance of one day, stating that he had appeared solely for the purpose of moving for a change of venue, and had not brought his witnesses, and was, therefore, not prepared for trial. This motion was also refused, and the trial was ordered to proceed. A jury was empaneled, which, after hearing the evidence and after deliberating four minutes, returned a verdict of guilty. From the sentence on the verdict, as well as from that for contempt, the defendant appealed. Notwithstanding his appeal, and his offer to give bond pending the appeal from the sentence for

contempt, the magistrate refused to accept bail, and committed defendant to jail, and he served the term of imprisonment for contempt.

.Defendant represented himself in the Courts below and in this Court. The record, as presented to this Court, is very badly prepared. There is such confusion of statement, complaint and argument, in the record and grounds of appeal, and so much contradiction involved, that it has been difficult to analyze it, and clearly state the issues properly before the Court.

Consideration of the grounds of the motion for change of venue shows that they do not meet the requirements of the statute, as interpreted by this Court, in that they do not state facts sufficient to disqualify the magistrate in such manner that, if the facts stated were false, the affidavit would form the basis of an indictment for perjury. *State* v. *Conkle,* 64 S. C. 71, 42 S. E. 173; *Bacot* v. *Deas,* 67 S. C. 248, 45 S. E. 171; *Witte* v. *Cave,* 73 S. C. 17, 52 S. E. 736; *Mayes* v. *Evans,* 80 S. C. 362, 61 S. E. 1068. In *Bacot* v. *Deas,* the Court said: "That case (*McNair* v. *Tucker,* 24 S. C. 105) intimates that judicial officers ought to be protected against capricious statements by parties that they are unfair, prejudiced, or otherwise disqualified from hearing a cause. In other words, it seems clear that the purpose of requiring the grounds to be stated was to place some responsibility and fix some obligation upon the affiant. The law does not provide that the grounds should be such as would convince the magistrate, and the reason, we think, for requiring them to be stated is to prevent arbitrary and capricious charges of prejudice; and to this end, it seems to me, the law contemplates that the affidavit shall contain such statements as would form the basis of an indictment for perjury." These cases show that, to satisfy the statute, the grounds upon which a change of venue is asked for must be stated with such definiteness and certainty that the Court can determine their sufficiency;

and, if facts are stated on information and belief, the sources of information and the grounds of belief must be stated with particularity and certainty, otherwise the Court cannot determine the sufficiency of the grounds, nor would the affidavit, if false, afford the basis of an indictment for perjury.

Another reason why some of the grounds are insufficient is that they are based upon rulings of the magistrate in the first trial, which, if erroneous, could have been corrected on appeal, if the jury had found defendant guilty.

There was no reversible error in the refusal of defendant's motion for a continuance. The continuance asked for to enable him to apply for a writ of mandamus was properly refused, because his remedy was by appeal. The granting or refusing of the motion based on the absence of his witnesses was within the discretion of the magistrate, and we cannot say that it was abused, because defendant had ample notice of the trial. His misfortune was that he relied with mistaken confidence on the granting of his motion for change of venue.

The Circuit Court declined to consider the exceptions, assigning error in finding defendant guilty of contempt of Court, in the sentence imposed therefor and in committing him to jail, notwithstanding his appeal therefrom and offer to give bond pending appeal, on the ground that, the sentence having been served, the questions presented by these exceptions were speculative. But the questions were not speculative, and should have been decided, especially as they involved the right of the magistrate to imprison defendant under the circumstances, and the conduct of the defendant as a member of the bar.

It is of the utmost importance to the commonwealth that the integrity, authority and dignity of all Courts should be

maintained and respected. It is especially the duty of members of the bar, who are licensed to aid in the administration of justice, to inculcate in others, both by practice and precept, due respect for constituted authority. Those who preside in Courts of justice are in duty bound to demand and enforce due respect for their official acts and station. To offer indignity or insult to a Judge presiding in Court is to set at defiance the authority of the law and bring it into reproach and contempt. Such conduct should not be tolerated.

When defendant charged Magistrate Edwards with directing his constable to influence a juror against him, and with being instigated by malice and improper motives in his rulings, he made very serious accusations. He 6 should at least have stated the facts upon which they were founded with sufficient definiteness to warrant a reasonable inference that, if the facts stated were true, the charge was well founded. Having failed to do so, he was properly held to be guilty of contempt of Court.

But the magistrate exceeded his authority and erred in imposing on defendant a sentence of twenty-four hours imprisonment. The statute (Civ. Code, sec. 1397) 7 which gives magistrates authority to punish for contempt limits the punishment to "fine and imprisonment, either or both, not exceeding twenty dollars fine, and twelve hours imprisonment."

The magistrate also exceeded his authority and erred in sending defendant to jail, after he had appealed from the sentence and offered to give bond, pending the appeal. 8 Having offered to give bond, his appeal operated as a supersedeas. Crim. Code, sec. 100; *In re Stokes,* 5 S. C. 71; *State* v. *Nathans,* 49 S. C. 199, 27 S. E. 52.

The magistrate also erred when he required defendant to pay the jurors. The Constitution guarantees the accused in criminal cases the right of trial by jury. If the legisla-

ture has made no provision for paying the jurors, the inference is that it was intended that they should serve without pay. When a defendant in a criminal case demands a trial by jury, he should not be embarrassed, nor should his case be prejudiced by his being called upon to pay the jurors.

The next complaint of appellant is that the magistrate appeared and argued the case against him in the Circuit Court. It was not proper for the magistrate to argue the case in support of his own judgment. No doubt he felt justified in doing so on account of the grave charges made against him by the appellant. But he should have been content to let the judgment of the Circuit Court as to his conduct of the trial be rested upon his return, which should have contained a true and correct account of the proceedings in his Court; for it will be presumed, until the contrary is clearly made to appear, that those vested with judicial authority exercise it fairly and impartially, and with becoming poise and dignity.

The testimony does not warrant the inference that defendant was guilty of the crime charged. At the time the warrant was sworn out, he had collected only $3.00 of the amount due by Clark. It does not appear that contract, if any, there was between him and the prosecutor as to the compensation which he was to receive for his professional service. It does appear that, besides the claim against Clark, he had been employed in other matters by the prosecutor, and it does not appear what contract, if any, there was between them as to his compensation for those matters. It does appear that when he was called upon to pay the amount which he had collected on the Clark claim, he stated as his reason for refusing to do so, that the prosecutor was indebted to him for professional services in an amount as great as that which he had collected. If that were true, he was entitled to retain what was due him. It also appears that, as soon as he collected the whole of the

Clark claim, he paid the amount due the prosecutor to Klintworth for him, and had him notified of the fact.

Under the facts and circumstances detailed in the record, a verdict of not guilty should have been directed, as the mere failure to pay the money collected was no evidence of a fraudulent intent (*State* v. *Butler*, 21 S. C. 353), and there is nothing else tending to prove such intent.

Judgment reversed.

MR. JUSTICE FRASER concurs in the result.